■ GORDON SAULPAUGH et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 66174.)—Mahoney, P. J. Appeal from a judgment in favor of the State, entered October 29, 1985, upon a decision of the Court of Claims (Benza, J.).

On June 27, 1980, at about 9:25 P.M., claimants were driving north on State Route 9G, a two-lane highway in Columbia County, when their car was struck by a southbound vehicle driven by Kenneth Swartz. At the time of the accident, it was dark and the only illumination was from the headlights of both cars. Swartz died immediately as a result of the collision and both claimants were injured. A blood test revealed that Swartz was intoxicated. Claimants commenced this action alleging that the accident was proximately caused by the State's failure to properly maintain the shoulder of the highway. After a trial, the Court of Claims dismissed the claim. This appeal by claimants ensued.

Claimants correctly maintain that the State has a duty to

maintain its highways, including shoulders, if it provides them, in a reasonably safe condition *(see, Bottalico v State of New York,* 59 NY2d 302, 305). However, anterior to the issues of both negligence and proximate cause is the question of whether the alleged act or omission on the part of the State was the cause in fact of claimants' injuries *(see, Baumfeld v State of New York,* 107 AD2d 927). The proof indicates that the shoulder along the southbound side of Route 9G was in good condition except for a 3- to 4-foot stretch south of a driveway onto the highway where the shoulder is worn and is 3 to 3½ inches lower than the pavement. Claimant Gordon Saulpaugh testified that, as the Swartz car came toward him, its right wheels were off the pavement. As the car proceeded south, past the driveway, it suddenly veered across the centerline and struck claimants' car almost head on. Expert witnesses for claimants testified that Swartz tried to reenter the highway at the place of the defective shoulder and that the defect caused the car to veer across the highway. The State offered proof that the Swartz vehicle did not reenter the highway south of the driveway at the defect, but at some point north of the driveway where the shoulder was in good condition. If the State's proof is credited, its alleged negligence in failing to properly maintain the defective section of the shoulder would not be the cause in fact of the accident.

Since this appeal involves a determination made after a nonjury trial, this court may weigh the evidence and grant the judgment which should have been granted by the trial court *(see, Arnold v State of New York,* 108 AD2d 1021, 1023, *appeal dismissed* 65 NY2d 723). However, the Trial Judge's findings are entitled to some deference where they are based on firsthand assessment of the evidence and the ability to observe the demeanor of the witnesses *(see, Cordts v State of New York,* 125 AD2d 746). The only direct evidence that the Swartz car reentered the highway at the site of the defect in the shoulder was the testimony of Gordon Saulpaugh. However, as observed by the Court of Claims, the accident occurred at night and the only illumination was provided by the headlights of the cars. Further, the lights of the oncoming car would have been shining at Saulpaugh. Thus, Saulpaugh's opportunity to accurately observe was limited. Additionally, the expert evidence offered by claimants was not strong. One expert did not independently conclude that the Swartz vehicle ran over the defective portion of the shoulder, but based his accident reconstruction on Saulpaugh's statement of what he observed. The other expert based his opinion to a great extent

upon a photograph which claimants' counsel conceded had been altered. In opposition, the State offered expert evidence that, based on accident reconstruction principles and techniques, the Swartz vehicle reentered the highway well before the site of the shoulder defect. Upon review of the record, we agree with the Court of Claims that claimants failed to satisfy their burden of proving that the alleged negligence on the part of the State was the cause in fact of their injuries.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.