■ THOMAS A. RITTENHOUSE, as Executor of PEGGY A. JAGENTENFL, Deceased, Appellant, v STATE OF NEW YORK, Respondent.—Levine, J. Appeal from a judgment of the Court of Claims (Benza, J.), entered May 22, 1986, which dismissed the claim.

On March 18, 1983 at about 10:00 P.M., claimant's decedent was fatally injured in a one-car accident when the vehicle she was driving in an easterly direction on Route 9P in the Town

of Malta, Saratoga County, left the highway and struck a tree some 20 feet from the edge of the pavement. In the vicinity of the accident, the highway had a series of "S" curves at a slight downgrade for eastbound traffic. There was an advanced highway warning system at the approach to the curves consisting of several reflectorized curve and reverse curve signs, hazard signs, a "hill" sign and an advisory 35 mile-per-hour reduced speed sign. Route 9P, a two-lane rural highway, was built in 1921 and has remained unchanged since then except for repaving. The State Trooper who investigated the accident scene detected a strong odor of alcohol about decedent's body and ordered the taking of a blood sample. Two successive blood tests were performed on the sample, revealing blood alcohol levels of .19% and .18%, respectively. There were also two white posts at the side of the eastbound lane in the vicinity of the accident. These were the remainder of six such posts which the proof established were present at the curve as late as 1981. The evidence supports the finding of the Court of Claims that the posts were unconnected guideposts used to delineate the configuration of the highway, rather than originally being part of a linked guide rail system.

We agree with the conclusion reached by the Court of Claims that claimant failed to establish any breach of duty on the part of the State which proximately contributed to the happening of the accident or decedent's resultant injuries. Claimant advanced several alternative theories upon which to base liability of the State. First, claimant's expert opined that the proper safety plan for the hazards of the curves and roadside obstacles within the adjacent "safe recovery area" was to have reduced the speed to 30 miles per hour and install a guide rail system. The State's evidence, however, was that its warning system complied with the State Manual of Uniform Traffic Control Devices and that a "ballbank test", the best accepted indicator of safe curve speed, confirmed the propriety of the advisory reduced 35 mile-per-hour speed. There was no evidence submitted by claimant that the plan adopted by the State was the result of inadequate study or lacked a reasonable basis. Consequently, the fact that claimant's expert believed that it was deficient is not a basis upon which to impose liability upon the State (see, Weiss v Fote, 7 NY2d 579, 585-586; Van De Bogart v State of New York, 133 AD2d 974).

Next, claimant's expert contended that the State's failure either to remove the tree struck by decedent, which stood within 30 feet of the highway and within the State's right-of-

way, or, failing that, to have installed a guide rail system to shield it, violated 1967 State highway safety guidelines. The Court of Claims correctly held that the subsequent safety guidelines were not applicable as a standard for measuring the State's ongoing duty to maintain older highways (see, *Van De Bogart v State of New York, supra; Holscher v State of New York,* 59 AD2d 224, 227, *affd* 46 NY2d 792). Equally unavailing was claimant's attempt to base the State's liability on the failure to maintain or restore all of the original six guideposts at the curve. As the Court of Claims noted, the evidence of the point of departure of decedent's car from the road was inconclusive; if anything, the proof tended to show that the vehicle left the road west of the location of the posts. Moreover, the posts were less effective as a warning at night of the curvature of the road than the reflectorized signs that were admittedly present when the accident occurred. Thus, the Court of Claims could reasonably conclude that the failure to maintain or restore all of the guideposts was not a proximate cause of the accident or decedent's fatal injuries.

Finally, claimant contends that the prior accident record of this section of Route 9P, the evidence of frequent need to replace the knocked down guideposts and 1981 photographs of scarring of trees in the safe recovery area in the vicinity of the accident put the State on notice that the tree struck by decedent's car was a hazard requiring its removal. We disagree. Claimant failed to prove that the prior accidents involved vehicles leaving the highway and colliding with trees or, indeed, that there were any other pertinent circumstances in the prior accidents similar to the instant one. Accordingly, prior accidents were not proof of the State's notice of any possible unreasonably dangerous conditions involved in the instant case (see, *Kaplan v City of New York,* 10 AD2d 319). The only evidence regarding earlier destruction of the guideposts was that they were knocked down by the State's plows during snow removal operations. This being so, the Court of Claims could properly conclude that the mere scarring of the trees, without any record of reports of accidents related thereto, was insufficient to establish notice. Accordingly, the dismissal of the instant claim should be affirmed.

Judgment affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.