■ SAMUEL J. CHALK, SR., Individually and as Administrator of the Estate of SANDRA L. CHALK, Deceased, Appellant, v STATE OF NEW YORK, Respondent.—Kane, J. Appeal from a judgment in favor of the State, entered January 6, 1988, upon a decision of the Court of Claims (Lyons, J.).

On the evening of October 3, 1984, decedent was driving her pickup truck southbound on State Route 144 in the Town of Bethlehem, Albany County, when she encountered a disabled vehicle parked in the southbound lane without lights and unattended. In an attempt to avoid colliding with the stationary vehicle, decedent turned into the northbound lane and applied her brakes. The truck then spun around and the driver's side hit a tree located on the west side of Route 144. The tree penetrated the driver's side door and decedent died instantly.

Thereafter, claimant, decedent's husband, commenced this action against the State seeking recovery for, inter alia, wrongful death. Claimant contended that the State had negligently constructed Route 144 by failing to remove the line of trees, which included the tree decedent's vehicle struck, both in 1945, when the road was constructed, and in 1969, when it was resurfaced. The trees were located six feet, four inches from the edge of the pavement. A trial was held after which the Court of Claims found that claimant had failed to prove

negligence on the State's part and, accordingly, the claim was dismissed. This appeal by claimant ensued.

Initially, claimant argues that the Court of Claims erred in concluding that claimant's proof did not establish a violation by the State of generally accepted engineering standards, as well as its own construction plans, when it left the trees six feet, four inches from the edge of the pavement. We disagree. It is true that the State has a duty to maintain its highways in a reasonably safe condition for travelers *(Rinaldi v State of New York,* 49 AD2d 361, 363). Furthermore, this duty applies both to the road surface and the shoulders, as well as to those conditions adjacent to and above the highway which could reasonably be expected to result in injury and damage to the users thereof *(supra).* The State has also been found negligent where it failed to adhere to its own established standards or to national standards in constructing a highway *(Wingerter v State of New York,* 79 AD2d 817, 818, *affd* 58 NY2d 848).

Here, claimant argues that both generally accepted engineering standards and the State's own standards required that there be an eight-foot shoulder in the area of the accident. However, while claimant's expert, an engineer, testified that plans for the highway's initial construction called for an eight-foot shoulder, those same plans also provided that all desirable trees five feet or more from the edge of the finished pavement be saved, if possible. The engineer also conceded that the tree that decedent's vehicle hit was not within five feet of the edge of the finished pavement and that the 1945 construction plans did not call for the removal of those trees.

As to the design standards for the 1969 resurfacing project, those plans apparently listed specific trees to be removed. Claimant's engineer admitted that the tree involved in decedent's accident was not listed for removal. Those same plans also apparently did not require that trees beyond four or five feet from the highway's edge be removed and the removal of trees not on the list was left to the engineer's discretion. The State is liable in negligence where it has exercised its discretion in adopting a plan or design for highway safety that lacked adequate study or was without a reasonable basis *(Lewis v State of New York,* 70 AD2d 707, 708). However, this theory does not apply here because no evidence was presented in this regard at trial. Claimant instead proceeded under the theory of negligence for improper construction.

Claimant also points to the engineer's testimony that the trees' location violated generally accepted engineering stan-

dards. However, the expert engineer's conclusion was based on certain national guidelines which, while available to the parties, were not included in the record.

Claimant next contends that the Court of Claims improperly resolved the issue of the State's negligence based on a theory of defective highway or shoulder design (see, Weiss v Fote, 7 NY2d 579), rather than upon the evidence showing negligent construction and maintenance of the highway. As previously noted, no theory of defective design was advanced by claimant. However, in reviewing the court's decision, it is clear that it did not rely on this theory in reaching its conclusions. Instead, it thoroughly reviewed the expert engineer's testimony in the context of whether a violation of the relevant standards or plans was demonstrated. The court did not cite Weiss v Fote (supra) to dispose of the case on defective design grounds but, rather, to address the question of whether, pursuant to relevant standards and its own plans, the State could be charged with failing in its duty to plan highways for the public's safety by not removing the trees in question. The court then found that there was no requirement that an eight-foot shoulder be provided.

Finally, claimant asserts that the State should have been held liable under the doctrine of comparative negligence because the Court of Claims found that the tree decedent hit was a substantial factor in causing her injuries. Even given this finding, the court refused to hold the State liable due to the lack of evidence regarding standards requiring the State to have an eight-foot shoulder or to remove the row of trees. Nevertheless, claimant argues that liability could still attach to the State because the trees constituted an unreasonable hazard. The State does have a continuing duty to inspect and maintain the operation of its highways and to correct any dangers or potential dangers (Bradley v State of New York, 132 AD2d 816, 819; Rinaldi v State of New York, supra, at 363). However, here there was no evidence of any prior accident or that the State had been given any prior notice of such and, therefore, no liability on the basis of this theory could attach (see, Rittenhouse v State of New York, 134 AD2d 774, 776).

To conclude, claimant failed to establish a violation of either the State's duty to inspect and maintain the subject shoulder or of the applicable standards or plans. Accordingly, we find no error in the Court of Claims' decision dismissing the claim.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.