WILLIAM H. MULLER, JR., Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. [658 NYS2d 727] —Casey, J. Cross appeals from a judgment of the Court of Claims (McNamara, J.), entered March 29, 1996, upon a decision of the court in favor of claimant.

On April 19, 1991, claimant took a female acquaintance for a ride on his new 1991 Honda motorcycle, purchased and picked up by claimant on that very day. At that time, claimant had little or no experience with full-size motorcycles, his previous experience having been limited to off-road dirt bikes. At approximately 10:15 P.M. as claimant was proceeding on State Route 66 near its intersection with Thomas Road in Columbia County, the motorcycle went off the paved portion of the highway onto the three-foot gravel shoulder. Unable to return the vehicle to the highway pavement, claimant slowed and braked, crossed Thomas Road and proceeded down a drainage ditch that ran parallel to the highway, striking a dirt embankment at the end of the ditch at the entrance to a stone culvert, some 365 feet from where claimant left the paved surface. Claimant brought this action against the State alleging negligence for the State's failure to properly maintain Route 66, including the culverts and shoulder adjacent thereto, in a reasonably safe condition for drivers of vehicles, such as claimant, who were required to use such terrain.

At trial, over the objection of the State, claimant attempted to establish that newly applied crack sealant had been improperly applied creating a hazardous condition that caused the motorcycle to leave the paved portion of the highway and that the slope of the headwall at the culvert end of the drainage ditch was excessively dangerous. At the trial's conclusion, the Court of Claims rejected the sealant theory, finding excessive speed and claimant's inexperience in handling full-size motorcycles to be the cause of claimant's motorcycle leaving the highway. The court went on to find, however, that the earthen headwall failed to conform to the standards in existence at the time of the highway's last reconstruction and presented a foreseeably dangerous condition. On this finding, the court concluded that claimant was 65% at fault and the State was 35% responsible. Damages totaling $81,878.88 were

awarded to claimant, resulting in an apportioned judgment in the amount of $28,657.61. Both parties appeal.

Although we find, contrary to claimant's contention, ample support in the record for the Court of Claims' determination that claimant left the highway surface due to his speed and inexperience, we nevertheless reverse the judgment in its entirety and dismiss the claim. We do so under the power of this Court, in reviewing a nonjury trial, to render the judgment which it deems warranted by the facts (*see, Northern Westchester Professional Park Assocs. v Town of Bedford*, 60 NY2d 492, 499).

The State has a duty to the traveling public to maintain its highways and their adjacent shoulders in a reasonably safe condition (*see, Bottalico v State of New York*, 59 NY2d 302, 305; *Saulpaugh v State of New York*, 132 AD2d 781, 781-782). The relevant area here, however, lies beyond the shoulder of the highway. Claimant's expert, without proper foundation or discussion, implied that such area should be maintained in a traversable condition. We deem such conclusion erroneous and beyond the scope of the State's duty since it involved an area well beyond the traversable shoulder and since an emergency use of such additional area was neither contemplated nor foreseeable (*see, Tomassi v Town of Union*, 46 NY2d 91, 97; *Kirtoglou v Fogarty*, 235 AD2d 1019, 1021). As a result, no liability attached to the State and the Court of Claims erred in finding liability on the part of the State associated with the slope of the drainage ditch headwall (*see, DiMarco v Verone*, 147 AD2d 671, 672). Furthermore, claimant should not have been permitted to introduce evidence of a new liability theory involving an earthen headwall that was not pleaded in his particularized claim.

Mikoll, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, without costs, and claim dismissed.