■ Maryls K. Vizzini, Appellant, v State of New York, Respondent. [717 NYS2d 415] —Mugglin, J. Appeal from a judgment of the Court of Claims (McNamara, J.), entered August 3, 1999, upon a decision of the court in favor of the State.

Claimant, intending to purchase a cup of coffee from a deli on the east side of State Route 9W in the Town of Marlborough, Ulster County, parked on the west side of the road. After crossing the highway, she was injured when she fell as a result of either slipping or losing her balance when, with her right foot, she stepped on the steep slope of a shallow asphalt culvert. As she fell, her face struck a storm drain grate to her right.

In this action, claimant maintains that the State negligently designed and maintained the storm drain and steeply sloping shoulder of the culvert. Following trial, the Court of Claims dismissed the action holding that the storm drain played no part in the accident and that, despite current highway design guidelines, the design of the road and adjacent shoulder complied with safety standards at the time of its initial construction. Claimant now appeals arguing that the storm drain grate was unsafe and that the court erroneously concluded that the steeply sloping culvert was not a hazardous condition which precipitated claimant's fall.

Initially, we observe that claimant affirmatively testified at trial that the storm drain grate played no part in her fall. Ac-

cordingly, since it was not the proximate cause of the accident and her injuries, the alleged negligent design of the storm drain grate does not support claimant's action against the State for damages resulting from her fall (*see, Tomassi v Town of Union*, 46 NY2d 91, 98).

It is well settled that the State has a duty to maintain its roads in a safe condition and will be held liable where it fails to remedy a known highway hazard (*see, Friedman v State of New York*, 67 NY2d 271, 286). Here, claimant's theory of liability was that the steeply sloping shoulder of the asphalt culvert was defectively designed, thereby creating a hazardous condition of which the State had actual and/or constructive notice. In support of this contention, claimant's expert civil engineer established that the asphalt culvert at the location at which claimant fell starts to slope at 36.5% and increases to 46.7%. Pointing to the 1997 New York State Department of Transportation Design Manual which requires a pitch of no more than 6%, claimant's expert concluded that the culvert was defectively designed. The Department of Transportation resident engineer for Ulster County, the State's witness, testified that when Route 9W was originally constructed in 1931, the design specifications allowed a slope ranging between 25% and 67%. He further testified that since 1931, although the road surface had been repaved three times, there had been no major reconstruction or renovation of the existing highway.

As a general rule, the State is not required to undertake expensive reconstruction of highways simply because the design standards for highways have been upgraded since the time of original construction (*see, Holscher v State of New York*, 59 AD2d 224, 227, *affd* 46 NY2d 792). This rule similarly applies to culverts constructed in conjunction with State highways (*see, id.*). Since the asphalt culvert upon which claimant fell met the design standards in effect when the highway was constructed in 1931, the Court of Claims correctly concluded that the culvert is not rendered defectively designed as a result of the change in design standards to which claimant points (*see, Merino v New York City Tr. Auth.*, 218 AD2d 451, 457, *affd* 89 NY2d 824). Also, there is no history of pedestrian accidents in the immediate area associated with the asphalt culvert which would place the State on notice of the need for reconstruction or remediation of the culvert (*see, Van De Bogart v State of New York*, 133 AD2d 974, 976).

As a final matter, we reject claimant's assertion that the Court of Claims erroneously held that the shoulder and culvert were not unreasonably dangerous. Since the court "had the

advantage of observing the witnesses firsthand and was in a better position to assess the evidence and weigh credibility" (*Newland v State of New York*, 205 AD2d 1015, 1016), such findings of fact will not be disturbed unless clearly erroneous.

We have examined the balance of claimant's contentions and find them to be without merit.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.