■ PAGET EVANS, as Administrator of the Estate of MICHELLE A. EVANS, Deceased, Appellant-Respondent, v TIMOTHY T. STRANGER et al., Defendants, CITY OF ITHACA, Appellant, and CORNELL UNIVERSITY, Respondent. [762 NYS2d 678] —Kane, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered July 8, 2002 in Tompkins County, which partially granted defendants' motion for partial summary judgment.

Defendant Cornell University hired defendant Timothy T. Stranger as a bus fueler and cleaner in 1992. Despite knowing that his driver's license was recently reinstated after revocation for an alcohol-related offense, Cornell promoted him to bus driver in 1994. In April 1994, following an incident between Stranger and some passengers, he was required to undergo a blood screening, which showed trace amounts of alcohol. He blamed this on cough syrup, but received a letter from his Cornell supervisor regarding alcohol from any source being prohibited within eight hours preceding a shift. In March 1995, at a regular physical, Stranger tested positive for marihuana and was suspended from employment. He was allowed to return to work on condition that he get counseling and agree to random testing. In December 1995, he again tested positive for marihuana. The next month, he completed an inpatient reha-

bilitation program. In August 1996, after meeting several conditions and in settlement of a union grievance, Cornell rehired Stranger as a bus fueler. Between 1996 and 1997, he was tested for alcohol 20 times and marihuana 15 times, with 35 negative results. Stranger was reinstated as a bus driver in January 1997 and, in August 1997, was returned to the federally-mandated random drug testing pool.

In 1998, Cornell, defendant County of Tompkins and defendant City of Ithaca entered into a joint venture creating defendant Tompkins Consolidated Area Transit (hereinafter TCAT) to provide a consolidated public transportation system, authorized by General Municipal Law § 119-s-1. Although staff remained employed by their original employers, TCAT supervised all employees.

In 1999, Stranger was selected for random drug and alcohol testing. He called his supervisor, claiming a family emergency, and was allowed to leave without being tested. No one verified the emergency and the test was not rescheduled. In March 2000, a TCAT bus driven by Stranger struck pedestrian Michelle A. Evans, resulting in her death. During breaks in his shift that day, Stranger had consumed five beers and smoked some marihuana. Plaintiff, as administrator of Evans' estate, commenced this action alleging negligence and failure to maintain safe roadways. Pursuant to defendants' motion, Supreme Court dismissed the punitive damages claims against all defendants except Stranger, resulting in plaintiff's appeal as to Cornell. The court also denied defendants' motion for summary judgment dismissing the defective roadway claim against Ithaca, resulting in Ithaca's appeal.

Plaintiff contends that he is entitled to punitive damages from Cornell. The imposition of punitive damages generally requires conduct that evidences a high degree of moral culpability, is so flagrant as to transcend simple carelessness, or constitutes willful or wanton negligence or recklessness so as to evince a conscious disregard for the rights of others (see Rey v Park View Nursing Home, 262 AD2d 624, 627 [1999]; Harrell v Champlain Enters., 222 AD2d 876, 876 [1995]). Cornell knew that Stranger had a recent conviction for driving while intoxicated when it hired him as a bus driver, permitted him to take a leave of absence rather than terminate him after his repeated drug use, and reinstated him as a bus driver rather quickly and without continued monitoring beyond the first year. Despite our conclusion that this conduct exhibited poor judgment, it was not "so flagrant as to transcend mere carelessness" or so wantonly reckless as to evince a conscious disre-

gard for the rights of others (*Rey v Park View Nursing Home, supra* at 627; *see Harrell v Champlain Enters., supra* at 876). Thus, plaintiff is not entitled to punitive damages against Cornell.

Ithaca contends that it should have been granted summary judgment dismissing plaintiff's negligent roadway design claim. Municipalities are granted qualified immunity from liability for roadway planning decisions unless the plan was "evolved without adequate study or lacked reasonable basis" (*Weiss v Fote*, 7 NY2d 579, 589 [1960]; *see Affleck v Buckley*, 96 NY2d 553, 556 [2001]; *Friedman v State of New York*, 67 NY2d 271, 284 [1986]; *Light v State of New York*, 250 AD2d 988, 989 [1998], *lv denied* 92 NY2d 807 [1998]). The municipality also has a continuing duty to review this plan in light of its actual implementation (*see Friedman v State of New York, supra* at 284), but there is no obligation to undertake expensive reconstruction of older roads solely based on updated highway safety standards (*see Van De Bogart v State of New York*, 133 AD2d 974, 976 [1987]). Immunity arises not based on the municipality's ultimate decision, but because the discretionary determination " 'was the result of a deliberate decision-making process' " (*Norton v Village of Endicott*, 280 AD2d 853, 854 [2001], quoting *Holmes v City of Elmira*, 251 AD2d 844, 845 [1998]). While a choice between conflicting experts is insufficient to establish municipal liability (*see Affleck v Buckley, supra* at 557; *Light v State of New York, supra* at 989), plaintiff's expert engineer raised questions of fact through his assertion that four accidents per year occurred at the same intersection over the five years preceding this accident. Ithaca's blanket policy, as proffered by its traffic engineer, to conduct traffic studies only when an intersection has more than five accidents per year and a specified accident rate, and then only if the traffic engineer considers the types of accidents and feels a study is warranted, is insufficient to establish the adequacy and reasonable basis of any determination regarding the intersection at issue. Qualified immunity applies where the municipality has considered and made a reasoned determination on the same issue presented to the jury (*see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 673 [1999]). Given the number of accidents here, summary judgment is inappropriate as there are questions of fact regarding Ithaca's consideration of this intersection, specifically whether there was any particular reasoned determination or merely unwitting adherence to a questionable blanket policy.

Cardona, P.J., Mercure, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.