■ CHRISTOPHER M. PRESTON, as Administrator of the Estate of JUDITH M. WELLIN, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 98215.) [775 NYS2d 115]—

Rose, J. Appeal from a judgment of the Court of Claims (Midey, Jr., J.), entered February 6, 2003, upon a decision of the court in favor of claimant on the issue of liability.

Claimant's decedent died from injuries sustained when the car in which she was a passenger drifted off the paved portion of State Route 96 and struck a large tree located seven feet two inches from the edge of the travel lane. Claimant brought this action alleging that defendant was negligent in failing to remove the tree and provide a 10-foot clear zone along the side of the roadway. The Court of Claims agreed with defendant that liability could not be based on highway standards for creating clear zones adopted after the last major reconstruction of Route 96. It also found that the roadway in question was straight, level and clearly marked, the sight distance was good, there was no prior accident history at this location and the tree was healthy with no sign of disease or decay. Nonetheless, the court concluded that the concept of a clear zone was known to defendant prior to the accident and a 10-foot clear zone existed in the vicinity of the accident, with the sole exception of the tree involved here. Based on that, the court found a duty to maintain an existing clear zone and held that defendant was negligent in permitting such a sizable tree to remain within it. Defendant now appeals, contending that no duty of care was owed because Route 96 fully complied with the highway design standards applicable when it was last reconstructed, such standards did not require a clear zone, the tree was not dead or diseased and there were no prior similar accidents or complaints. We reverse.

Although claimant presented proof of standards and guidelines for highway design and construction that, if applicable, would have required removal of the offending tree to provide a clear zone along the highway, those standards became accepted or required long after Route 96 was last reconstructed and defendant thereafter undertook no significant repair or reconstruc-

tion that would have been subject to them (*see Vizzini v State of New York*, 278 AD2d 562, 563 [2000]; *Van De Bogart v State of New York*, 133 AD2d 974, 976 [1987]). Despite the testimony of claimant's expert that maintenance done in 1993 apparently would have been subject to the 1992 Standards for Non-Freeway Resurfacing, Restoration and Rehabilitation Projects, the Court of Claims reasonably rejected that conclusion in favor of the opinion of defendant's expert that those standards apply only to new construction or reconstruction.

Thus, we agree with the Court of Claims that the only duty shown to have been owed by defendant here was that owed to the traveling public to maintain its highways in a reasonably safe condition (*see Bottalico v State of New York*, 59 NY2d 302, 305 [1983]; *Saulpaugh v State of New York*, 132 AD2d 781, 781-782 [1987]). The area where this tree was located, however, lies beyond the shoulder of the highway in the front yard of a residence on land unimproved for use by vehicles (*see Bottalico v State of New York, supra* at 305-306; *Tomassi v Town of Union*, 46 NY2d 91, 97-98 [1978]; *Kimber v State of New York*, 294 AD2d 692, 693-694 [2002], *lv denied* 99 NY2d 501 [2002]; *Muller v State of New York*, 240 AD2d 881, 882 [1997]). We find nothing in the record indicating that defendant affirmatively took any action to create or maintain the area which the Court of Claims found to be an existing clear zone. Nor is there any showing that the tree grew to be an obstacle only after that zone came into existence. While defendant's duty to maintain its highways extends to conditions beyond the travel lanes and shoulders that could reasonably be expected to result in injury, here there was no prior accident or other event that would have given defendant notice of a specific dangerous condition and, thus, liability cannot be grounded upon a neglect of that duty (*see Chalk v State of New York*, 147 AD2d 810, 812 [1989]; *see also Ellis v State of New York*, 16 AD2d 727, 728 [1962], *affd* 12 NY2d 770 [1962]; *Kinne v State of New York*, 8 AD2d 903, 903 [1959], *affd* 8 NY2d 1068 [1960]).

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, without costs, and claim dismissed.