■■■ MICHELLE S. FRIDLEY CAVE, Appellant, v TOWN OF GALEN et al., Respondents, et al., Defendants. [804 NYS2d 219]—

Appeal from an order (denominated order and judgment) of the Supreme Court, Wayne County (John B. Nesbitt, A.J.), entered October 20, 2004. The order granted the motion of defendants Town of Galen and Town of Galen Highway Department for summary judgment dismissing the complaint against them in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she lost control of her vehicle and struck a post set in concrete in the yard of a landowner adjacent to a highway in defendant Town of Galen (Town). Plaintiff alleged, inter alia, that the Town and its highway department (Town defendants) were negligent in allowing the landowner to place the post in the Town's right-of-way too close to the roadway, thereby creating a hazardous condition. Supreme Court properly granted the motion of the Town defendants for summary judgment dismissing the complaint against them. As the court properly determined, the Town defendants owed plaintiff no duty with regard to " 'a fixed object placed within the public right-of-way but outside the travel portion of the highway' " (*Clark v City of Lockport*, 280 AD2d 901, 902 [2001], *lv dismissed in part and denied in part* 96 NY2d 932 [2001]; *see Tomassi v Town of Union*, 46 NY2d 91, 97-98 [1978]). We further note that plaintiff's reliance on the New York State Department of Transportation Highway Design Manual is misplaced. There is no authority, statutory or otherwise, mandating that the Town defendants comply with that manual in the design of their highways. In any event, it is well settled

that compliance with design standards adopted after the construction of a highway is not required unless the municipality undertakes "significant repair or reconstruction" that would provide an opportunity for compliance with the new standards (*Preston v State of New York*, 6 AD3d 835, 835-836 [2004], *lv denied* 3 NY3d 601 [2004]; *see Vizzini v State of New York*, 278 AD2d 562, 563 [2000]). Here, there is no evidence in the record before us that there was such repair or reconstruction. Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Smith, JJ. [*See* 4 Misc 3d 1026(A), 2004 NY Slip Op 51073(U) (2004).]