■ Larry Martin, Respondent-Appellant, v State of New York, Appellant-Respondent. (Claim No. 100426.) [833 NYS2d 706]—

Crew III, J.P. Cross appeals from a judgment of the Court of Claims (Hard, J.), entered December 14, 2005, upon a decision of the court following a bifurcated trial in favor of claimant.

Claimant, a prison inmate, most recently was incarcerated in 1990 for robbery and grand larceny. In April 1999, while serving 36 months in keeplock for drug use, claimant was attacked and assaulted by two inmates, one of whom possessed a steel shank, as he exercised in the "cage." The assault lasted approximately three minutes, during which time claimant defended himself and rendered one of his assailants semiconscious. As a result of this incident, claimant required a total of nine stitches, one to his scalp, three to his left thumb, four to his chest and one on the right side of his neck. Claimant did not lose consciousness, nor did he suffer any broken bones. Approximately six weeks later, in June 1999, claimant sought mental health treatment, contending that he could not sleep due to nightmares and that he was suffering from extreme headaches, and subsequently was diagnosed with posttraumatic stress disorder (hereinafter PTSD) and treated with various medications.

In the interim, claimant commenced this action against defendant alleging that on the day he was assaulted, defendant's correction officers negligently failed to screen or otherwise search inmates before allowing them to enter the exercise cage. Following a bifurcated trial, the Court of Claims (Read, J.) found defendant negligent. With respect to damages, the Court of Claims (Hard, J.) awarded claimant $15,000 solely as compensation for his physical injuries, rejecting claimant's assertion that he suffers from PTSD and, hence, denying him any compensation for his alleged psychological injuries. Defendant now appeals, contending that the sum awarded deviates materially from what would be reasonable compensation, and claimant cross-appeals, asserting that the record as a whole supports his

claim of PTSD and, hence, he is entitled to even greater damages.

To be sure, in reviewing a nonjury trial, this Court is vested with broad authority to independently review the probative weight of the evidence before us, together with the reasonable inferences that may be drawn therefrom, and grant the judgment warranted by the record (*see Schieren v State of New York*, 281 AD2d 828, 830 [2001]). It is equally true, however, that this Court will accord considerable deference to the factual findings made by the Court of Claims where, as here, such findings are based largely upon credibility determinations (*see Tatta v State of New York*, 20 AD3d 825, 826 [2005], *lv denied* 5 NY3d 716 [2005]).

Applying these principles to the matter before us, we are unable to discern any basis upon which to disturb the Court of Claims' finding that claimant failed to establish, by a preponderance of the credible evidence, that he suffers from PTSD. Simply put, the Court of Claims was presented with competing expert opinions on this point and, after hearing the testimony first hand, elected to credit the testimony offered by defendant's expert, psychiatrist John Treanor. In addition to Treanor's testimony, the Court of Claims appropriately viewed claimant's present assertion of PTSD in the context of claimant's history of violence, the statements made by claimant immediately following the attack and claimant's overall medical history. Specifically, the court noted that claimant sustained a seven-inch laceration to his chest following a bar fight in 1970, was incarcerated in 1979 for armed robbery, which involved the use of a hand gun, and, on three separate occasions, was found guilty of fighting while incarcerated, including an incident where claimant apparently threw hot oil at a fellow inmate. Hence, the underlying assault hardly qualifies as claimant's first exposure to violence—either in or out of prison. Additionally, the court considered the testimony of the correction officer who escorted claimant to the infirmary following the attack, who stated that claimant expressed "exuberance that he had successfully defended himself from two attackers, and that he had, in fact, rendered one semiconscious during this incident." Finally, the court took into consideration testimony to the effect that some of the symptoms claimant now complains of, e.g., his allegedly persistent headaches, could be the product of other medical conditions from which claimant suffers—namely, hypertension and Grave's disease. Under these circumstances, the Court of Claims quite properly rejected claimant's assertion of PTSD.

Turning to the issue of damages, our inquiry distills to whether the sum awarded by the Court of Claims "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). Based upon our review of the record as a whole, we are persuaded by defendant's contention that the $15,000 awarded by the Court of Claims for claimant's physical injuries is excessive under the circumstances. Accordingly, we hereby reduce claimant's award to $8,000.* The parties' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mugglin, Rose and Kane, JJ., concur.

Lahtinen, J. (concurring in part and dissenting in part). I respectfully dissent from that portion of the majority's decision that reduces the amount of damages awarded in this case from $15,000 to $8,000. In my opinion, the record does not support a finding that the award of $15,000 materially deviates from what would be reasonable compensation. I would therefore affirm.

Ordered that the judgment is modified, on the facts, without costs, by reversing so much thereof as awarded claimant $15,000 in damages, together with interest thereon; damages reduced to $8,000, together with interest thereon; and, as so modified, affirmed.

---

* While such a reduction ordinarily would require remittal for a new trial as to damages, that is not required where, as here, the excessive verdict is awarded by a court following a bench trial. Under such circumstances, this Court may award the sum it finds warranted by the record (see *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Launders v Steinberg*, 39 AD3d 57, 70 [2007, Andrias, J., concurring in part and dissenting in part]; *Thompson v Hickey*, 283 AD2d 939, 939-940 [2001]).