GALE WHITE et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 106106.) [838 NYS2d 705]—

Mugglin, J. Appeal from a judgment of the Court of Claims (Collins, J.), entered September 30, 2005, upon a decision of the court following a bifurcated trial in favor of defendant on the issue of damages.

Claimant Gale White (hereinafter claimant), who was at that time employed as a paralegal by Prisoners' Legal Services, slipped at Upstate Correctional Facility in Franklin County on May 29, 2001, falling on her left knee and bending her right knee. At the conclusion of the liability phase of the bifurcated trial, the Court of Claims found defendant to be 100% at fault. At the damages phase, claimant and her husband, derivatively, sought compensation not only for injuries claimed to have been caused by this fall, but also for injuries sustained in two subsequent falls. The first of these occurred on June 11, 2001 when claimant, 15 minutes late for a staff meeting at her place of employment, took a shortcut from the parking lot and slipped on a steep embankment. The other occurred in claimant's home on September 5, 2002, during the night, when claimant fell down some nearby stairs while returning to bed from the bathroom. While it is not disputed that claimant was injured in both the second and third falls, the Court of Claims concluded, after a thorough review of the evidence, that claimant failed to prove by a preponderance of the evidence that she suffered an injury to either of her knees in the first fall at the correctional facility and that claimant's proof was insufficient to establish that the condition of her knees, as a result of the first fall, was a substantial factor in causing either the second* or the third fall. Claimant appeals and we affirm.

In reviewing Court of Claims decisions, "this Court is vested with broad authority to independently review the probative weight of the evidence" (*Martin v State of New York*, 39 AD3d 905, 907 [2007]; *see Butler v New York State Olympic Regional Dev. Auth.*, 307 AD2d 694, 695 [2003]) and, after giving deference to the court's credibility determinations and factual findings, affirm if the finding reasonably interprets the evidence (*see Di Donato v State of New York*, 25 AD3d 944, 945 [2006]; *Manganaro v State of New York*, 24 AD3d 1003, 1005 [2005]).

Having thus independently reviewed the evidence, we first observe that, when a person is injured by the negligence of another, and though diligent in treating the injuries, suffers an-

---

* On this appeal, claimant no longer contends that her June 11, 2001 fall was causally connected to her May 29, 2001 fall.

other accident caused by the original injuries, the original responsible party is also responsible for the subsequent injuries (*see Goldman v State of New York*, 28 AD2d 782, 782-783 [1967]; *see also Daliendo v Johnson*, 147 AD2d 312, 318 [1989]). Moreover, in cases where the evidence shows several possible reasonable causes for a plaintiff's/claimant's injury and the defendant is not responsible for all of those causes, the plaintiff/claimant cannot recover (*see Bernstein v City of New York*, 69 NY2d 1020, 1021-1022 [1987]; *Wiwigac v Snedaker*, 282 AD2d 801, 803-804 [2001]; *Marchetto v State of New York*, 179 AD2d 947, 948-949 [1992], *lv denied* 80 NY2d 751 [1992]). Nevertheless, the injured person need not refute and exclude remote or technically possible causes of injury, but need merely show that the defendant's negligence and resulting damage can be reasonably inferred (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550 [1998]; *Bernstein v City of New York, supra* at 1022).

Here, the trial testimony establishes that claimant (who suffers from Meniere's disease which produces vertigo) continued working on the date of her fall at defendant's prison, neither reporting the incident to her supervisor nor seeking medical treatment. When she did report the incident the following day, she indicated that she simply felt a small amount of pain and soreness in her left knee. Following examination by her physician several days after the initial fall, claimant was not restricted in any way or prescribed any medication other than Advil. Subsequently, claimant's physician opined that she had suffered a mild meniscus injury to her right knee but that her knees were symmetrical, with no lateral instability or major tenderness and that claimant had good range of motion in her knees. Although several of claimant's medical doctors testified that she sustained knee injuries in her May 2001 fall and that her subsequent falls could have been precipitated by these injuries, these conclusions were reached on the basis of claimant's subjective complaints, unsupported by any objective findings in her medical records which would document and support the causal connection.

Moreover, claimant's testimony as to which knee (or both) was injured in the first fall was vague and contradictory. In contrast, defendant's medical witness, relying on the failure of claimant to report that her knees were the cause of her subsequent falls and that her osteoarthritis—unrelated to her first fall—caused her third fall, concluded that there was no causal connection. Therefore, we conclude that the determination of the Court of Claims that claimant failed to establish by a preponderance of the evidence that she sustained any medically

significant injury to her knees on May 29, 2001 is a reasonable interpretation of the evidence. Likewise, the conclusion that claimant's fall in September 2002 was unrelated to any injury sustained on May 29, 2001 also constitutes a reasonable interpretation of the evidence. Accordingly, we affirm the dismissal of claimants' action.

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.