■ JOSEPH RACALBUTO, SR., et al., Appellants, v JOSEPH REDMOND et al., Defendants, and COUNTY OF DELAWARE, Respondent. [847 NYS2d 283]—

Kane, J. Appeals (1) from an order of the Supreme Court (Lebous, J.), entered September 11, 2006 in Delaware County, which granted a motion by defendant County of Delaware for summary judgment dismissing the complaint against it, and (2) from the judgment entered thereon.

In November 2001, plaintiff Joseph Racalbuto, Sr. (hereinafter plaintiff) was driving his vehicle south on County Route 21 in the Town of Franklin, Delaware County. When plaintiff attempted to make a left-hand turn onto Bennett Hollow Road, his vehicle was struck by a car driven by defendant Joseph Redmond, III, who was traveling north on County Route 21. The T-intersection between these roads is located at the crest of a hill. Each driver indicated that he did not see the other until immediately before the impact.

Plaintiff and his wife, derivatively, commenced this personal injury action against several defendants alleging, among other things, that defendant County of Delaware (hereinafter defendant) negligently failed to maintain the intersection in a safe and proper condition. Defendant moved for summary judgment dismissing the complaint against it. Supreme Court granted the motion, finding that defendant was entitled to qualified immunity for its highway planning decisions. Plaintiffs appeal.

Because defendant established its entitlement to summary

judgment, we affirm. "A municipality is 'accorded a qualified immunity from liability arising out of a highway planning decision,' but 'may be held liable when its study of a traffic condition is plainly inadequate or there is no reasonable basis for its traffic plan' " (*Winney v County of Saratoga*, 8 AD3d 944, 945 [2004], quoting *Friedman v State of New York*, 67 NY2d 271, 283-284 [1986] [internal citation omitted]; *see Affleck v Buckley*, 96 NY2d 553, 556 [2001]).

County Route 21 was originally constructed in 1949, prior to the publication of the first written national standards governing rural highways. Wayne Reynolds, a licensed professional engineer and the commissioner of defendant's department of public works, averred that the road met all applicable standards at the time of construction. A 1982 study revealed that the intersection in question did not meet then-applicable standards for highway safety because the 55 mile-per-hour speed limit was too high for the limited sight distance. Defendant addressed this situation by placing signs near the intersection on County Route 21 facing both directions indicating the curve and warning that an intersection was ahead, as well as speed advisory signs suggesting a 35 mile-per-hour speed for northbound vehicles and 40 mile-per-hour speed for southbound vehicles. Studies in 1983 and 1984 addressed sight distance problems on Bennett Hollow Road. Following these studies, the advisory speed for southbound vehicles was lowered to 35 miles per hour. The parties agree that only the state, not defendant, is permitted to change the speed limit on any portion of County Route 21. Although defendant could have filed a request with the state for a reduced speed limit, in light of defendant's placing of advisory speed limit signs, the failure to make a request of the state does not render defendant's traffic plan unreasonable.

In 1989, defendant completed a project to flatten the side slopes of the intersection to improve sight distance for drivers on Bennett Hollow Road. A citizen complaint to defendant in 1990 opined that the previous remedial measures were insufficient and the intersection was still dangerous. A 1990 study evaluated the feasibility of redirecting the end of Bennett Hollow Road, which would have relocated the intersection at issue here, presumably improving sight distance from all directions at the newly-located intersection. This proposal was never carried out. However, defendant was not required to undertake extensive reconstruction and upgrade the road to comply with current standards (*see Cave v Town of Galen*, 23 AD3d 1108, 1109 [2005]; *Evans v Stranger*, 307 AD2d 439, 441 [2003]). Traffic counts were obtained on County Route 21, with the latest

being undertaken in 1997. In late 1999, defendant widened the shoulder of County Route 21 by removing trees near the roadway across from the T intersection. Although an accident history listed 11 accidents in the general vicinity of the intersection in the 11 years prior to the accident, only one was directly at the intersection. The one accident at the intersection, as well as several of the other 10, was caused by an animal in the road.

Throughout the years, defendant acted in response to studies and fulfilled its continuing duty to review the highway plan in light of changing conditions and actual implementation of the plan (*see Friedman v State of New York*, 67 NY2d at 284; *Weiss v Fote*, 7 NY2d 579, 587 [1960]). We are not permitted to substitute our judgment for the municipality's considered decisions. An accident history of only one accident at this intersection in 11 years, which was caused by a deer rather than a turning vehicle, did not put defendant on notice that the intersection was dangerous or needed to be addressed. Having demonstrated a reasonable basis for its highway planning decisions, defendant was entitled to qualified immunity from liability for the accident here.

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order and judgment are affirmed, without costs.