■ DEBRA GUZOV, Appellant, v STATE OF NEW YORK, Respondent. [852 NYS2d 392]—

In a claim to recover damages for wrongful death, the claimant appeals from a judgment of the Court of Claims (Lack, J.), dated August 3, 2006, which, after a nonjury trial on the issue of liability, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

On August 5, 2001 the claimant's decedent was killed when he drove his vehicle off a segment of Route 27A, also known as Montauk Highway, in Bay Shore and struck boulders that had been placed approximately 15 feet from the outer edge of the paved highway. The boulders had been placed there no later than 1986 by the then owner of the private property adjacent to the highway. The claimant alleged that by failing to remove the boulders, the State of New York failed to maintain and repair Montauk Highway in violation of Highway Law § 12. The Court

of Claims dismissed the claim, holding, inter alia, that the defendant was not obligated to apply modern highway design standards to Montauk Highway, which was constructed decades prior to the decedent's accident. We affirm, for different reasons.

"[C]ompliance with design standards adopted after the construction of a highway is not required unless the municipality undertakes 'significant repair or reconstruction' that would provide an opportunity for compliance with the new standards" (*Cave v Town of Galen,* 23 AD3d 1108, 1108-1109 [2005] [citation omitted]; *see Preston v State of New York,* 6 AD3d 835 [2004]). At the trial, the claimant's accident reconstruction expert testified that after the boulders were placed next to Montauk Highway but before the decedent's accident, the highway was changed from a four-lane bidirectional highway to a two-lane bidirectional highway divided by a new, dual-use center left turn lane. As "a modernization or correction of the road . . . is the sine qua non of a reconstruction project" (*Benjamin v State of New York,* 203 AD2d 629, 630 [1994]), the reconfiguration of the highway to reduce the number of total lanes and create a dual-use left turn lane constituted a reconstruction which presented the State with the opportunity to ensure that the highway was compliant with new design standards (*see Cave v Town of Galen,* 23 AD3d 1108 [2005]).

However, the claim was properly dismissed because the defendant's failure to remove the boulders did not violate the guidelines established by the New York State Manual for Highway Design. Credible evidence at trial established that the speed limit at the location of the accident was 40 miles per hour and the average daily traffic in that location totaled over 6,000 vehicles. Given these circumstances, the State was required to maintain a minimum "clear zone," or shoulder area adjacent to the paved highway, of 14 to 16 feet. Since the boulders were located approximately 15 feet from the edge of the roadway, the relevant design standards were not violated (*see Schwartz v New York State Thruway Auth.,* 61 NY2d 955, 956 [1984]; *Boyd v State of New York,* 103 AD2d 882, 883 [1984]).

The claimant's remaining contentions are without merit. Rivera, J.P., Santucci, Covello and Balkin, JJ., concur.