■ STEPHEN LEVINE et al., Respondents, v NEW YORK STATE THRUWAY AUTHORITY, Appellant. [859 NYS2d 778]—

Malone Jr., J. Appeal from a judgment of the Court of Claims (Sise, J.), entered November 16, 2006, upon a decision of the court following a bifurcated trial in favor of claimants on the issue of liability.

In 1998, defendant began a highway rehabilitation project involving the sandblasting and cleaning of 17 bridges along Interstate 87 in various counties within the State of New York. GBE Contracting Corporation was retained as the prime contractor on the project and Corr Pro, Inc. was hired to provide resident engineering services and to ensure that the contract was performed in accordance with specifications. On October 14, 1999 at approximately 8:30 P.M., claimant Stephen Levine (hereinafter claimant) was traveling northbound on Interstate 87 in the Town of New Paltz, Ulster County, in the vicinity of the construction on bridge number 10 when his vehicle collided with a tractor trailer driven by Juarez Berger, a GBE employee. Berger was making an unauthorized U-turn through a break in the median of the highway at the time of the accident. Claimant was seriously injured as a result and he and his wife, derivatively, commenced this action against defendant. A bifurcated trial on the issue of liability ensued, resulting in a judgment imposing liability on defendant. Defendant now appeals.*

It is well settled that, as a public entity, defendant "is under a nondelegable duty to maintain its roads and highways in a reasonably safe condition, and that liability will flow for injuries resulting from a breach of that duty" (*Nurek v Town of Vestal*, 115 AD2d 116, 116-117 [1985]; *see Friedman v State of New York*, 67 NY2d 271, 283 [1986]). This duty includes "giving adequate warning, by signs or otherwise, of dangerous conditions in the highway" (*Beardsley v State of New York*, 57 AD2d 1061, 1061 [1977]). Moreover, this duty is not excused because the

---

* Although defendant's notice of appeal is from the Court of Claims' November 9, 2006 decision rather than the judgment entered November 16, 2006, this Court shall, in the interest of justice, treat the notice of appeal as premature and reach the merits (*see O'Brien v O'Brien*, 16 AD3d 1015, 1016 n 2 [2005]).

dangerous conditions are attributable to the acts and/or omissions of defendant's contractors (see *Rothstein v State of New York*, 284 AD2d 130, 131 [2001]).

In the instant case, defendant retained responsibility for ensuring that the traffic control devices at the construction site were placed and maintained in accordance with its maintenance and protection of traffic (hereinafter MPT) plan. A left lane closure was planned for the northbound portion of Interstate 87 in the area of bridge number 10 on the night of the accident. The MPT plan called for a series of warning signs, speed reduction signs, lane closure signs, flags and cones, all made of reflective materials, to be placed at various intervals in the construction zone. The MPT plan also called for a lighted arrow board to be in place and operating before work commenced. The area south of the bridge was designated for U-turns. Although the MPT plan did not address U-turns, the contract specifications provided that U-turn permits would be authorized for certain construction vehicles at official crossovers, provided that advance warning signs made of reflective materials were placed on both sides of the roadway ahead of the U-turn location.

Conflicting testimony was presented at the trial as to whether the required safety devices were in place prior to the accident. On the one hand, Corr Pro's job site inspector stated that he supervised the left lane closure, including the placement of necessary signs and other safety devices, and that the closure was completed approximately one hour before the accident. On the other hand, two eyewitnesses, who were among the first to arrive at the scene, testified that they did not observe any signs or lights as they approached the accident while traveling in the northbound lane and that they, in fact, noticed a construction vehicle placing cones in the northbound lane about 40 minutes after they arrived. Their testimony was corroborated by the testimony of the State Trooper who responded to the scene and stated that he did not recall seeing any signs as he approached from the northbound lane. While this Court has broad authority to review the probative weight of the evidence supporting the Court of Claims' decision, we give due deference to its factual findings, particularly with respect to matters of credibility, and will affirm its decision if such findings reasonably interpret the evidence (see *White v State of New York*, 41 AD3d 1071, 1072 [2007]; *Martin v State of New York*, 39 AD3d 905, 907 [2007], *lv denied* 9 NY3d 804 [2007]). Inasmuch the Court of Claims' conclusion that defendant breached its duty to maintain its highway in a reasonably safe condition by failing to give adequate warning of known hazards is reasonably supported by the evidence, we find no reason to disturb its finding in this regard.

Defendant further contends that the Court of Claims erroneously failed to consider proof of claimant's intoxication. We disagree. Claimant testified that he had a few drinks at a business luncheon which ended at about 2:30 P.M. on the day of the accident, but did not consume any alcohol thereafter. Claimant disclosed this information to the State Trooper who administered an Alco-Sensor test revealing that claimant had a blood alcohol level of .02% after the accident. Although a forensic pathologist testified that a chemical test performed at the hospital disclosed that claimant had a blood alcohol level of .08%, no other proof was presented to establish that claimant was intoxicated at the time of the accident. Under these circumstances, the Court of Claims could choose not to credit the pathologist's testimony (*see e.g. Butler v New York State Olympic Regional Dev. Auth.*, 307 AD2d 694, 696 [2003]). Defendant's remaining contentions have been considered and found to be either academic or lacking in merit. Accordingly, the judgment imposing liability upon defendant is affirmed.

Spain, J.P., Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.