■ JUDITH HAY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 110794.) [875 NYS2d 313]—

Stein, J. Appeal from a judgment of the Court of Claims (Collins, J.), entered December 19, 2007, upon a decision of the court following a bifurcated trial in favor of defendant on the issue of liability.

On June 17, 2003, claimant was injured as the result of a one-car accident in the Town of Ancram, Columbia County. After dropping her husband off at work at approximately 7:00 A.M., claimant was traveling in a northerly direction on State Route 82 when a deer crossed into the roadway in front of her vehicle. Claimant swerved to the right and braked, causing her to leave the roadway and sideswipe one or more trees, located about 10 to 15 feet off the pavement, with the passenger side of her vehicle. Claimant's car then continued traveling north about 30 feet until it collided head-on with a tree stump, which was located about three feet from the edge of the pavement, causing claimant's injuries. Claimant brought this action alleging that defendant was negligent in failing to remove the stump and provide a 30-foot clear zone along the side of the roadway. Following trial, the Court of Claims dismissed the claim, prompting this appeal.

We first reject claimant's assertion that defendant engaged in a reconstruction of State Route 82 in 1991 and was, therefore, required to conform to the then-current clear zone standards. While a municipality is under a duty to construct and maintain its highways in a reasonably safe condition (*see Friedman v State of New York*, 67 NY2d 271, 286 [1986]; *Levine v New York State Thruway Auth.*, 52 AD3d 975, 976 [2008]; *Preston v State of New York*, 6 AD3d 835, 836 [2004], *lv denied* 3 NY3d 601 [2004]), it need not comply with design standards adopted after the construction of a highway unless it undertakes "significant repair or reconstruction" that would allow compliance with the new standards (*Preston v State of New York*, 6 AD3d at 835-836; *see Rittenhouse v State of New York*, 134 AD2d 774, 775-776 [1987]; *see also Guzov v State of New York*, 48 AD3d 751, 752 [2008], *lv denied* 11 NY3d 710 [2008]; *Cave v Town of Galen*, 23 AD3d 1108, 1108-1109 [2005]). Nor is there any requirement that a municipality undertake such reconstruction to provide an opportunity to comply with new safety standards (*see Racalbuto v Redmond*, 46 AD3d 1051, 1052 [2007]; *Evans v Stranger*, 307 AD2d 439, 441 [2003]; *Vizzini v State of New York*, 278 AD2d 562, 563 [2000]).

The crux of the dispute here is whether defendant's 1991

project constituted a reconstruction of State Route 82. To support her argument, claimant proffered the testimony of a professional engineer who opined that defendant's work constituted reconstruction, primarily because the title page of the record plans bore the title "Reconstruction on Routes 82 and 22." Additionally, claimant's engineer pointed to the fact that the plans called for rehabilitation on the shoulder of the road and adjacent ditches. However, the upper right hand corner of that same title page described the type of construction as "Asphalt Concrete Resurfacing." In addition, defendant introduced the testimony of employees from both the State and County Departments of Transportation who stated unequivocally that the project was one of repaving and not reconstruction. To support this contention, the employees explained that the only work that had been done was to overlay the existing roadway, rather than ripping it out and rebuilding it or reconfiguring it, and the area outside the shoulders had not been changed at all. According due deference to credibility determinations made by the Court of Claims, we view its finding that defendant's work did not constitute reconstruction to be a reasonable interpretation of the evidence (*see Levine v New York State Thruway Auth.*, 52 AD3d at 976; *Atkinson v State of New York*, 49 AD3d 988, 988 [2008]; *White v State of New York*, 41 AD3d 1071, 1072 [2007]). Consequently, defendant's project to repave the road did not give rise to an obligation to comply with modern safety standards inasmuch as there was no significant repair, modernization or correction of the road itself (*see Vizzini v State of New York*, 278 AD2d at 563; *Benjamin v State of New York*, 203 AD2d 629, 629-630 [1994]; *Mason v State of New York*, 180 AD2d 63, 66 [1992]; *see also Fan Guan v State of New York*, 55 AD3d 782, 784-785 [2008]).

We likewise find unpersuasive claimant's argument that defendant breached its duty to maintain the road in a reasonably safe condition because it had actual and constructive notice of the hazardous tree stump. Where the paved portion of the roadway is adequate, objects such as trees and shrubbery in close proximity do not create an unreasonable danger where travel beyond the paved portion is neither contemplated nor foreseeable (*see Tomassi v Town of Union*, 46 NY2d 91, 97 [1978]; *Sherman v County of Cortland*, 18 AD3d 908, 910 [2005], *lv denied* 5 NY3d 713 [2005]; *Kimber v State of New York*, 294 AD2d 692, 694 [2002], *lv denied* 99 NY2d 501 [2002]). Thus, a municipality's duty to maintain its highways extends to conditions beyond the travel lanes and shoulders only when a prior accident or other event would give notice of a specific dangerous condition (*see Owens v Campbell*, 16 AD3d 1000, 1001 [2005], *lv*

*denied* 5 NY3d 704 [2005]; *Preston v State of New York*, 6 AD3d at 836; *Chalk v State of New York*, 147 AD2d 810, 812 [1989]).

Here, there appears to be no dispute that the roadway itself was more than adequate to permit safe passage. The record reveals that the road was 22-feet wide with a three-foot paved shoulder and experienced only low to moderate rural traffic. On the day of claimant's accident, the weather was clear and the road was dry and she admitted at trial that it was the deer entering the road, rather than any claimed defect in the roadway itself, that caused her to leave the paved portion of the road. Furthermore, according to both the State Trooper who investigated the accident and Department of Transportation personnel, no prior complaints had been made about the roadside stump, nor had any prior accidents in the vicinity of the stump been reported. As such, we find that defendant satisfied its duty since the road was "reasonably safe for drivers who obey the rules of the road" (*Howard v Tylutki*, 305 AD2d 907, 908 [2003]; *accord Owens v Campbell*, 16 AD3d at 1001).

We have examined claimant's remaining contentions and find them to be without merit.

Peters, J.P., Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.