Noorzi v State of New York (2020 NY Slip Op 00231)





Noorzi v State of New York


2020 NY Slip Op 00231


Decided on January 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 14, 2020

Renwick, J.P., Manzanet-Daniels, Oing, Singh, González, JJ.


10641 123824 124666

[*1] Shakilla Noorzi, As Administratrix of the Estate of Ata Noorzi, etc.,Claimant-Appellant,
v
The State of New York, Defendant-Respondent.
Rebecca Sheehan, as Executrix of the Estate of John Patrick Sheehan, etc., et al., Claimants-Appellants,
v
The State of New York, Defendant-Respondent.


Block O'Toole & Murphy, New York (David L. Scher of counsel), for appellants.
Letitia James, Attorney General, New York (Joshua M. Parker of counsel), for respondent.



Judgment, Court of Claims, State of New York (Walter Rivera, J.), entered September 27, 2018, dismissing the claim, unanimously affirmed, without costs.
Claimants' decedents were killed when the vehicle in which they were driving was struck by a vehicle operated by nonparty John Osorio that had jumped the curb, penetrated the guide rail, and crossed into their lane of the Hutchinson River Parkway. Claimants contend that defendant (the State) was negligent in failing to exchange the median guide rails for a concrete barrier when it performed a signage improvement project in 2003.
The Court of Claims correctly found that the 2003 project, which did not include any changes to the roadway itself but required the replacement of approximately 250 feet of guide rails that had been removed to permit new sign installations, was not a significant repair or reconstruction of the parkway (see Hubbard v County of Madison, 93 AD3d 939, 944 [3d Dept 2012], lv denied 19 NY3d 805 [2012]; Fan Guan v State of New York, 55 AD3d 782, 784-785 [2d Dept 2008]; Hay v State of New York, 60 AD3d 1190 [3d Dept 2009]). In addition, the record supports the court's finding that the median was not a proximate cause of the accident (see Matter of Metropolitan Transp. Auth., 86 AD3d 314, 320 [1st Dept 2011]; see also Schwartz v New York State Thruway Auth., 95 AD2d 928, 929 [3d Dept 1983], affd 61 NY2d 955 [1984]). The court properly determined that claimants' expert's conclusion was flawed because it rested upon the account of the accident given by Osorio, whom the court found not credible under the circumstances (see Levine v New York State Thruway Auth., 52 AD3d 975, 978 [3d Dept 2008]).
An additional reason for affirming the dismissal is that the State is entitled to qualified immunity for its 2003 highway safety planning decision (Weiss v Fote, 7 NY2d 579, 585—586 [1960]; Ramirez v State of New York, 143 AD3d 880, 881-882 [2d Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 14, 2020
CLERK