OPINION OF THE COURT
 

 Ciparick, J.
 

 This action arises from a September 11, 1994 automobile accident, involving plaintiff’s decedents Harold and Harriet Affleck, at the Westbury Avenue entrance to Waldbaum’s Shopping Center in Nassau County. While attempting to enter the shopping center’s driveway, Harold Affleck made a left-hand turn from the westbound lane of Westbury Avenue. In so doing, he entered the two opposing traffic lanes and, while in an eastbound lane, collided with the vehicle driven by defendant Buckley. The impact sent the Affleck car into a third vehicle that was waiting to exit the driveway. There was no traffic signal at the intersection. Harriet Affleck, a passenger in the Affleck car, died as a result of her injuries; Harold Affleck later died of unrelated causes.
 

 In addition to instituting an action against the drivers and owners of the other cars involved in the accident, plaintiff, as administrator of his parents’ estate, commenced this action against the County of Nassau. Plaintiff alleged that the County negligently failed to conduct traffic studies of the area, relying instead on a privately obtained study and, furthermore, that
 
 *556
 
 the County’s decision not to install a signal was unreasonable. The County moved for summary judgment relying on the qualified immunity afforded to governmental agencies in making traffic planning decisions. Supreme Court denied the motion. The Appellate Division reversed and dismissed the complaint, with two Justices dissenting (276 AD2d 507). We now affirm.
 

 The record shows that, in response to customer reports of difficulty exiting the parking lot, Waldbaum’s commissioned PSC Engineering to conduct a study of traffic conditions at the intersection. Approximately nine months before the accident, PSC presented the study to the County with its recommendation that a traffic light be installed. Although the PSC report focused primarily on the difficulties faced by drivers attempting to exit the Waldbaum’s parking lot, it also analyzed traffic conditions for drivers entering the parking lot from Westbury Avenue. The PSC report indicated that, at all times of the day, conditions for drivers making left-hand turns into the parking lot were within acceptable parameters as set by the Federal Highway Administration of the Department of Transportation.
 

 According to unrefuted affidavits, the County relied on the PSC report as well as its own studies of traffic conditions at the intersection to determine whether a traffic signal should be installed. A traffic survey or field check was performed at the location in 1992, 1993 and 1994. Additionally, after receiving the PSC report, the County conducted a number of on-site observations and reviewed motor vehicle accident data. In the spring of 1994, County Public Works authorities determined that a traffic signal at the intersection was “totally unwarranted.” The County removed trees and a fence in order to improve visibility for drivers exiting the driveway and installed signs to warn eastbound drivers on Westbury Avenue of the approaching driveway.
 

 A governmental body may be liable for a traffic planning decision only when its study is “plainly inadequate or there is no reasonable basis for its [ ] plan”
 
 (Friedman v State of New York,
 
 67 NY2d 271, 284;
 
 see also, Weiss v Fote,
 
 7 NY2d 579). The County considered data contained in the PSC study as well as its own independently obtained data collected before and after the PSC report. On this record, there is no issue of fact with respect to the adequacy of the County’s determination.
 

 Plaintiff’s reliance on
 
 Ernest v Red Cr. Cent. School Dist.
 
 (93 NY2d 664) is misplaced. In
 
 Ernest,
 
 plaintiff made a prima facie case of negligence against the County by showing that the
 
 *557
 
 County failed to conduct any study concerning the need for a sidewalk, and thereby failed to take any remedial action, despite repeated warnings about the specific dangers faced by children leaving school property. Here, the complaints received by the County related to difficulty exiting the Waldbaum’s driveway, not the left-turn entry into the driveway. More importantly, the County examined the need for a signal and did not overlook the issue of left-turn safety. The County reviewed data and made observations of traffic moving in every direction at that location. Thus, unlike
 
 Ernest,
 
 the County passed “on the very same question of risk,”
 
 i.e.,
 
 the necessity of a traffic signal, as would go to the jury
 
 (Ernest, supra,
 
 93 NY2d, at 673, quoting
 
 Weiss v Fote, supra,
 
 7 NY2d, at 588).
 

 Finally, neither the letters urging the County to install a signal nor the recommendation by PSC that one be installed raises an issue of fact concerning the reasonableness of the County’s determination. While the letters may have alerted the County to a situation warranting study, they do not substitute for, nor do they cast doubt upon, the considered determination by a duly authorized traffic planning authority.
 

 Moreover, a recommendation from a private engineering firm that a signal be installed at a particular location does not, itself, raise a triable issue of fact. As we noted in
 
 Weiss,
 
 something more than a choice between conflicting opinions of experts' is required before a governmental body may be held liable for negligently performing its traffic planning function (7 NY2d 579, 588). The plaintiff must show not merely that another option was available but also that the plan adopted lacked a reasonable basis
 
 (id.,
 
 at 589). Plaintiff did not make this showing. To the contrary, the County adequately demonstrated that its decision not to install a traffic signal was based on a weighing of factors that implicated broader concerns than those addressed in the PSC study, and summary judgment dismissing the complaint was properly granted.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Levine, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed, with costs.