■ WILLIAM A. CHASE, JR., Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [733 NYS2d 233] —In an action to

recover damages for personal injuries, the defendant appeals from an interlocutory judgment of the Supreme Court, Queens County (Dye, J.), entered August 4, 2000, which, upon a jury verdict finding it 100% at fault in the happening of the accident, and upon the denial of its motion to set aside the verdict and for judgment as a matter of law, is in favor of the plaintiff and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff fell onto the subway tracks at a station in Queens. Although the plaintiff attempted to lift himself back up to the platform, he was unable to do so before he heard a train approaching from the tunnel. When he saw the train lights nearing the station, he began waving his hands hoping that he would be noticed by the engineer, but to no avail. He then dove into a "little area * * * a little room" underneath the platform, however, the train still struck him. The train, which was owned and operated by the defendant, New York City Transit Authority, entered the station at approximately 30 to 35 miles per hour.

At trial, the plaintiff claimed that he would not have been injured if the train had entered the station at a slower rate of speed because it would have been able to stop before striking him. In this regard, the plaintiff produced testimony from a safety engineer who, *inter alia*, opined that it was inappropriate for a subway train to enter a station at 30 to 35 miles per hour and that "it should be 15 miles an hour * * * 15 to 20 is acceptable." The defendant argued that it was entitled to qualified immunity for speed policy decisions, and adduced testimony from a number of its employees, including a member of its Speed Policy Committee. In summary, these witnesses testified that the defendant adheres to a long-standing policy of allowing trains to enter a station at normal speed. The jury found that the engineer was not negligent in failing to timely observe the plaintiff on the tracks and stop the train. However, the jury also found the defendant 100% at fault in the happening of the accident based on the rate of speed at which the train entered the station. We reverse.

Under the doctrine of qualified immunity, a governmental entity may be held liable for injuries arising out of the execution of a duly-executed plan only if the "plan * * * was evolved without adequate study or lacked reasonable basis" (*Weiss v Fote*, 7 NY2d 579, 589; *see generally, Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175; *Quigley v Goldfine*, 276 AD2d

681). The record demonstrates that the defendant not only "considered and passed" on the issue of train speed (*Santiago v New York City Tr. Auth.,* 271 AD2d 675, 677), but that it also duly adopted a speed policy which is reasonably based, taking into account both safety concerns and the efficient running of a transportation system which serves millions of passengers every year (*see, Stevens v New York City Tr. Auth.,* 288 AD2d 460 [decided herewith]; *cf., Santiago v New York City Tr. Auth., supra*). Therefore, the doctrine of qualified immunity is applicable herein, and the defendant is entitled to judgment in its favor as a matter of law. Santucci, J. P., Goldstein, McGinity and Crane, JJ., concur.