■ CRYSTAL STEVENS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [733 NYS2d 492] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jones, J.), dated January 19, 2001, as denied those branches of their motion which were to

preclude the plaintiff's expert from testifying regarding the failure of the defendant New York City Transit Authority to maintain speed restrictions for trains entering stations and dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to plead any of the exceptions to CPLR article 16, and granted that branch of the plaintiff's cross motion which was to preclude them from raising the doctrine of qualified immunity at trial.

Ordered that the order is modified, by (1) deleting the provision thereof denying that branch of the motion which was to preclude the plaintiff's expert from testifying regarding the failure of the defendant New York City Transit Authority to maintain speed restrictions for trains entering a station and substituting therefor a provision granting that branch of the motion, (2) deleting the provision thereof denying that branch of the motion which was to dismiss the complaint and substituting therefor a provision granting that branch of the motion to the extent that at trial the defendants are allowed to raise the issue of apportionment of liability under CPLR article 16, and (3) deleting the provision thereof granting that branch of the cross motion which was to preclude the defendants from raising the doctrine of qualified immunity at trial and substituting therefor a provision denying that branch of the cross motion as academic; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was allegedly pushed onto the subway tracks at the Classon Avenue Station in Brooklyn, and a subway train struck her resulting in severe and permanent injuries. Following commencement of this action, the plaintiff served the defendants with a statement pursuant to CPLR 3101 (d), giving notice that she intended to have her expert testify regarding, *inter alia*, the negligent failure of the defendant New York City Transit Authority (hereinafter Transit Authority) to maintain speed restrictions for trains entering a station. The plaintiff's expert planned to testify that the train should not have been traveling in excess of 15 miles per hour on entering the station. The Transit Authority moved, *inter alia*, to preclude the plaintiff's expert's testimony. The Supreme Court denied the motion on the ground that the Transit Authority failed to produce sufficient proof that it had studied the correlation between the safety of patrons who might fall onto the tracks and speed limits for trains entering the station.

We conclude that the Transit Authority presented sufficient proof that it "considered and passed on the matter" and that its speed policy is reasonably based (*Santiago v New York City*

*Tr. Auth.,* 271 AD2d 675, 677). Thus the court should have concluded, as a matter of law, that the doctrine of qualified immunity is applicable herein (*see, Weiss v Fote,* 7 NY2d 579; *Chase v New York City Tr. Auth.,* 288 AD2d 422 [decided herewith]; *cf., Santiago v New York City Tr. Auth., supra*). The Transit Authority's submissions disclose that it has adopted a policy that trains entering a station are to maintain their normal or tunnel speed and that policy is based on a myriad of considerations, including the number of commuters to be transported, the safety of commuters riding in the trains, the safety of commuters waiting on the platforms, the physical limitations of each particular station, the nature and design of the tracks, the need to stop at a particular car marker at the end of the station, and the need to avoid collisions. Moreover, the designated speed limits for each segment of the track, enforced by the signaling system, are the product of a complex series of decisions and considerations. The Transit Authority also has a standing Speed Policy Committee whose responsibility it is to regularly review speed policies and make recommended changes. The decisions of the Speed Policy Committee, an expert planning body, are neither arbitrary nor unreasonable, and are to be preferred over a verdict rendered by a panel of lay jurors (*see, Weiss v Fote, supra*; *Monfiston v Ekelman,* 248 AD2d 518). Accordingly, the Transit Authority may not be held liable on the ground that it should have maintained speed restrictions for trains entering subway stations.

We reject the plaintiff's contention that the qualified immunity doctrine does not apply because the Transit Authority in operating the subways is engaged in a proprietary function. The Transit Authority's speed policy is a policy-based planning decision to which the qualified immunity doctrine applies (*see, Weiss v Fote, supra*; *Santiago v New York City Tr. Auth., supra*; *Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175).

The Supreme Court also erred in denying the defendants' motion based upon CPLR article 16. The defendants moved to dismiss the complaint on the ground that the plaintiff failed to plead any exception to CPLR article 16. While the defendants are not entitled to dismissal of the complaint on this basis, CPLR article 16 is applicable herein. In light of the plaintiff's testimony identifying the individual who allegedly pushed her off the platform, and that individual's subsequent apprehension by the police authorities, the defendants are entitled to the benefits of apportionment liability under CPLR article 16, notwithstanding the fact that the Grand Jury failed to return an indictment for reasons unknown (*see, Siler v 146 Montague*

*Assocs.,* 228 AD2d 33, 37-39; *Rangolan v County of Nassau,* 96 NY2d 42). Santucci, J. P., Goldstein, McGinity and Crane, JJ., concur.