■ JENNIFER BUHR, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 94432.) [744 NYS2d 424] —In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Mignano, J.), dated May 3, 2001, which, after a nonjury trial on the issue of liability, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

In September 1994 the New York State Department of Transportation (hereinafter the DOT) initiated a traffic signal

study of an intersection at Hudson Road and Route 208 in Orange County. As part of the study, the DOT requested, pursuant to its internal policy, the site's accident history for the most recent three-year period available from its own accident retrieval system. The most recent three-year accident history available for the site spanned from 1991 to 1993. In November 1994 the DOT ordered interim changes, which included installing a larger stop sign on the right hand side of Hudson Road and installing another stop sign on the left hand side of Hudson Road. The stop ahead sign on Hudson Road was also updated with a more reflective sign. The number of accidents at the intersection decreased after the interim changes were implemented. In February 1996 the study was closed, and no further changes were recommended.

In May 1996, the claimant was injured while riding as a passenger in a vehicle that was struck on the passenger side by another vehicle at the intersection of Hudson Road and Route 208. The claimant subsequently commenced this claim against the State of New York, contending that the State was not entitled to qualified immunity since its decision not to install traffic lights at the subject intersection was based upon an inadequate study that did not contain a review of the site's accident history for 1994.

It is well settled that "the State is accorded a qualified immunity from liability arising out of a highway planning decision" (*Friedman v State of New York,* 67 NY2d 271, 283). Hence, the State may be held liable for a traffic planning decision only when its study is "plainly inadequate or there is no reasonable basis for its traffic plan" (*Friedman v State of New York, supra* at 284; *see Affleck v Buckley,* 96 NY2d 553, 556; *cf. Alexander v Eldred,* 63 NY2d 460, 466). "[S]omething more than a mere choice between conflicting opinions of experts is required before a governmental body may be held liable for negligently performing its traffic planning function" (*Affleck v Buckley, supra* at 557; *see also Weiss v Fote,* 7 NY2d 579, 588).

The claimant failed to prove that the planning decision was made without an adequate study. Although the claimant's expert testified that the State should have reviewed the 1994 accident history as part of its study, the claimant failed to establish how that would have altered the State's decision (*see Affleck v Buckley, supra* at 557; *Romeo v State of New York,* 273 AD2d 934, 935).

In view of this conclusion, we need not reach the parties' remaining contentions. Feuerstein, J.P., Schmidt, Adams and Crane, JJ., concur.