■ STARSHIMA McCORD, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [748 NYS2d 761] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated September 10, 2001, as granted that branch of the motion of the defendants New York City Transit Authority and Metropolitan Transit Authority which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured when she was attacked by a group of teenagers while riding the "A" subway train. She allegedly attempted to move to another subway car when she suspected that the group was about to attack her, but could not do so because the doors between the cars were locked. She subsequently commenced this action against, among others, the respondents, alleging that they were negligent in locking the doors between the cars. The Supreme Court granted the respondents' motion for summary judgment, concluding, among other things, that the decision to lock the doors was protected by the doctrine of qualified immunity. We agree.

Contrary to the plaintiff's contention, the respondents established their entitlement to judgment as a matter of law. In opposition to the motion, the plaintiff failed to raise a triable issue of fact as to whether the decision to lock the doors on longer R44, R46, and R68 subway cars, such as the 75-foot cars on the "A" train, was made without adequate study or that it lacked a reasonable basis (see *Weiss v Fote,* 7 NY2d 579, 589). The decision to lock the doors on the longer subway cars was reasonably based on passenger safety since the longer cars pose a greater risk to passengers moving from car to car (see *Chase v New York City Tr. Auth.,* 288 AD2d 422, *lv denied* 98 NY2d 611; *Stevens v New York City Tr. Auth.,* 288 AD2d 460). Consequently, the doctrine of qualified immunity is applicable and the Supreme Court properly granted the respondents' motion. Altman, J.P., Smith, H. Miller and Adams, JJ., concur.