■ GERMAN DELEON, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [759 NYS2d 465] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered February 11, 2002, which, in an action for personal injuries sustained when plaintiff fell onto subway tracks and was hit by a train, granted defendant Transit Authority's motion for summary judgment dismissing the complaint and denied as ac-

ademic plaintiff's cross motion for disclosure, unanimously affirmed, without costs.

Plaintiff intends to show through expert testimony that the train should have entered the station at a speed of 20 miles per hour or less, rather than at 28 miles per hour as the motorman testified. Defendant argues that its speed policy decisions are entitled to a qualified immunity, and submits the affidavit of a member of its Speed Policy Committee to the effect that, based upon the Committee's regular review of appropriate train speed for all segments of track, defendant continues to adhere to its long-standing policy that a train should enter a station at the speed it was traveling in the tunnel. Other expert affidavits submitted by defendant are to the effect that the 20 miles per hour policy urged by plaintiff's expert is contrary to universally accepted rapid transit system operating practice and has no engineering logic or scientific basis. We are satisfied that defendant has "entertained and passed on the very same question of risk" that plaintiff would put to a jury, and has adopted a policy with respect thereto that has a "reasonable basis" in safety and efficiency considerations (*see Weiss v Fote*, 7 NY2d 579, 588, 589 [1960]). Accordingly, the doctrine of qualified immunity applies, and defendant cannot be held liable on the ground that the train should have reduced its speed as it entered the station (*see Stevens v New York City Tr. Auth.*, 288 AD2d 460 [2001]; *Chase v New York City Tr. Auth.*, 288 AD2d 422 [2001], *lv denied* 98 NY2d 611 [2002]). Plaintiff's expert's additional assertion that an attentive train operator would have seen plaintiff in time to stop before hitting him is pure speculation unsupported by reference to any facts in the record or personal observations (*see Santiago v New York City Tr. Auth.*, 271 AD2d 675, 677 [2000]). We have considered plaintiff's other arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Wallach, Friedman and Marlow, JJ.