■ Juan Santiago, Appellant, v New York City Transit Authority, Respondent. [766 NYS2d 69] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (R.E. Rivera, J.), dated April 10, 2002, which, upon a jury verdict finding him 49% at fault and the defendant 51% percent at fault in the happening of the accident, granted the defendant's motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendant New York City Transit Authority (hereinafter the NYCTA) af-

ter he sustained a traumatic amputation of his legs when he was struck by a subway train in the Prospect Avenue Station in Brooklyn. The first trial in this action resulted in a judgment which, upon a jury verdict, found him 40% at fault, and the NYCTA 60% percent at fault, in the happening of the accident. We reversed the judgment and granted a new trial on grounds not relevant here (*see Santiago v New York City Tr. Auth.*, 271 AD2d 675, 677 [2000]). The jury in the second trial rendered a verdict finding the plaintiff 49% at fault, and the defendant 51% percent at fault in the happening of the accident. By order dated April 10, 2002, the Supreme Court granted the NYCTA's posttrial motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law, and dismissed the complaint on the basis that the doctrine of qualified immunity applies to the facts of this case (*see Weiss v Fote*, 7 NY2d 579, 588 [1960]; *Chase v New York City Tr. Auth.*, 288 AD2d 422 [2001]; *Stevens v New York City Tr. Auth.*, 288 AD2d 460, 462 [2001]). At trial, the plaintiff claimed that he would not have been injured if the train had entered the station at a slower speed because it would have been able to stop before striking him. Contrary to the plaintiff's contention, despite the use of a general verdict sheet, the reasonableness of the train's speed was the sole theory of liability presented to the jury. In this regard, the plaintiff's opening statement and closing statement only conveyed this theory of liability to the jury, as did the testimony elicited from the plaintiff's transportation expert who opined that the cause of the accident was "the speed of the train entering the station" (*see Muller v Equitable Life Assur. Socy. of U.S.*, 236 AD2d 526 [1997]). In addition, in support of its posttrial motion to set aside the verdict, the NYCTA submitted duplicate copies of the papers it previously submitted in *Stevens v New York City Tr. Auth. (supra)*, and which it also submitted on a pretrial preclusion motion to the trial court, which demonstrate that the NYCTA "considered and passed" on the issue of train speed (*Santiago v New York City Tr. Auth., supra* at 677), and has adopted a speed policy which is reasonably based (*see Chase v New York City Tr. Auth., supra* at 424; *Stevens v New York City Tr. Auth., supra* at 461-462). Thus, the doctrine of qualified immunity is applicable in this case and the NYCTA was entitled to judgment as a matter of law.

The plaintiff's remaining contentions either are academic in light of our determination or without merit. Altman, J.P., Krausman, Goldstein and Luciano, JJ., concur.