[786 NYS2d 488]

Maritsa Zambrana et al., Respondents, v New York City Transit Authority, Appellant.

First Department, December 16, 2004

By the Publisher's Editorial Staff

**ANNOTATION REFERENCE**

### APPEARANCES OF COUNSEL

*Wallace D. Gossett*, Brooklyn (*Lawrence Heisler* of counsel), for appellant.

*Finz & Finz, P.C.*, Jericho (*Jay L. Feigenbaum* of counsel), for respondents.

### OPINION OF THE COURT

BUCKLEY, P.J.

This is a personal injury action in which plaintiffs seek damages resulting from Mrs. Zambrana's fall between two subway cars onto tracks where she was run over by a train. While the notice of claim informed defendant, the New York City Transit Authority (TA), that its liability was specifically based on ignoring Mrs. Zambrana's pleas to stop the train or failing to properly check the tracks, the IAS court denied TA's motion for summary judgment to dismiss based on either TA's failure to equip its subway trains with securely fastened accordion gates or better safety chains (which would presumably prevent or impede passengers from falling while moving between cars) or TA's decision to not lock doors (which would prevent passengers from exiting any car at either end).

Whichever theory is advanced, however, the claim is defeated by the fact that the criminal acts of an unknown assailant were the sole proximate cause of Mrs. Zambrana's fall from the train (*see Clinger v New York City Tr. Auth.*, 85 NY2d 957, 959 [1995], *revg* 201 AD2d 236 [1994]). As Justice Sullivan suggested, dissenting in *Clinger* (201 AD2d at 243), finding proximate cause in any of defendant's acts or omissions would be too "speculative," particularly where there is no "special relationship" between the defendant and the injured party (*see Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175, 182 [1982] ["specific act" which caused injury determines liability]; *Santiago v New York City Hous. Auth.*, 63 NY2d 761 [1984] [even with preexisting negligence, intentional tortious acts can supersede]). The acts which produced Mrs. Zambrana's injuries were the direct result of her assailant's theft of her handbag and dragging her out of the car. The safety features which plaintiffs claim TA should have employed would protect passengers who voluntarily ambulate, not individuals who are the victims of a criminal act. Imposing liability on this defendant for the "novel or extraordi-

nary" acts of plaintiff's assailant would be to go beyond any risk that could have been reasonably perceived (*Palsgraf v Long Is. R.R. Co.*, 248 NY 339, 346 [1928]).

With respect to plaintiffs' assertion that TA is aware of injuries resulting from passengers who move between cars while a train is moving, a conscious decision on the part of TA to keep car doors unlocked and to afford a ready means of escape is a valid governmental policy choice concerning the dangers posed to riders who might become trapped below ground as the result of a mishap, as opposed to the danger that a passenger might be injured as a result of voluntarily moving between cars. Inasmuch as TA "has 'entertained and passed on the very same question of risk' that plaintiff would put to a jury, and has adopted a policy with respect thereto that has a 'reasonable basis' in safety and efficiency considerations," TA's decision is protected by the doctrine of governmental qualified immunity (*DeLeon v New York City Tr. Auth.*, 305 AD2d 227, 228 [2003], quoting *Weiss v Fote*, 7 NY2d 579, 588, 589 [1960]). Indeed, the Second Department has already found that TA's determination whether or not to lock the doors of subway cars is a governmental safety decision subject to the qualified immunity doctrine (*see McCord v City of New York*, 298 AD2d 438 [2002]).

Accordingly, the order of the Supreme Court, New York County (Robert D. Lippmann, J.), entered August 11, 2003, which denied defendant's motion for summary judgment, should be reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

LERNER, FRIEDMAN, SWEENY and CATTERSON, JJ., concur.

Order, Supreme Court, New York County, entered August 11, 2003, reversed, on the law, without costs, and the motion for summary judgment granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.