■ KAREN KUCHINSKI, Plaintiff, v CHARGE & RIDE, INC., et al., Defendants. (And Related Third-Party Actions.) (Action No. 1.) LOUIS DECICCO et al., Appellants, v TRI-BOROUGH BRIDGE AND TUNNEL AUTHORITY et al., Respondents, et al., Defendants. (Action No. 2.) [803 NYS2d 596]—

In two related actions to recover damages for personal injuries, etc., the plaintiffs in action No. 2, Louis DeCicco and Barbara DeCicco, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated May 17, 2004, as granted those branches of the separate motions of the defendants Charge and Ride, Inc., and Triborough Bridge and Tunnel Authority, sued herein as Tri-Borough Bridge and Tunnel Authority, which were for summary judgment dismissing the complaint in action No. 2 insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

On October 17, 1997, at 12:47 A.M., a car driven by Shahid Choudhary and owned by Umadei Ghulam, in which Karen Kuchinski was a passenger, collided head-on in the Brooklyn Battery Tunnel with a car owned by Barbara DeCicco and driven by Louis DeCicco. Barbara DeCicco was a passenger in the car at the time of the collision. Kuchinski and the DeCiccos commenced these related actions to recover damages for personal injuries, etc., Charge and Ride, Inc. (hereinafter Charge and Ride), the car dispatching service for which Choudhary drove, and the Triborough Bridge and Tunnel Authority, sued herein as Tri-Borough Bridge and Tunnel Authority (hereinafter the TBTA), separately moved, inter alia, for summary judgment dismissing the complaint in action No. 2 insofar as asserted against them. The Supreme Court, among other things, granted those branches of the motions of Charge and Ride and the TBTA which were for summary judgment dismissing the complaint in action No. 2 insofar as asserted against them.

"[T]he State is accorded a qualified immunity from liability arising out of a highway planning decision" (*Buhr v State of New York*, 295 AD2d 462, 463 [2002], quoting *Friedman v State of New York*, 67 NY2d 271, 283 [1986]). "A governmental body may be liable for a traffic planning decision only when its study is 'plainly inadequate or there is no reasonable basis for its . . . plan' " (*Affleck v Buckley*, 96 NY2d 553, 556 [2001]; *see Friedman v State of New York, supra* at 284). The TBTA made a

prima facie showing that there was an appropriate basis for the traffic pattern it created at the Brooklyn Battery Tunnel. In opposition, the DeCiccos submitted an affidavit of a traffic and highway engineer which failed to raise a triable issue of fact regarding the safety of the traffic pattern and plan created by the TBTA at the Brooklyn Battery Tunnel (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

"The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results. Control over the means is the more important consideration" (*Abouzeid v Grgas*, 295 AD2d 376, 377 [2002]). We agree with the Supreme Court's determination that Charge and Ride demonstrated its prima facie entitlement to summary judgment by establishing that it exercised only incidental control over Choudhary that was insufficient to give rise to an employment relationship (*see Abouzeid v Grgas, supra; Irrutia v Terrero*, 227 AD2d 380, 381 [1996]). In opposition, the DeCiccos failed to demonstrate the existence of a triable issue of fact (*see generally Alvarez v Prospect Hosp., supra*). Schmidt, J.P., S. Miller, Mastro and Rivera, JJ., concur.