■ Concetta Lucchese et al., Appellants, v Evan S. Silverman et al., Defendants, and City of New York, Respondent. [807 NYS2d 642]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Queens County (Flug, J.), dated February 25, 2004, as granted that branch of the motion of the defendant City of New York which was for summary judgment

dismissing the complaint insofar as asserted against it, (2) a judgment of the same court entered dated March 18, 2004, as dismissed the complaint insofar as asserted against the defendant City of New York, (3) an order of the same court dated August 24, 2004, as, upon reargument, in effect, adhered to the original determination granting that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it, and (4) an order of the same court dated December 9, 2004, as upon, sua sponte, vacating the order dated August 24, 2004, upon reargument, in effect, adhered to the original determination.

Ordered that the appeal from the orders dated February 25, 2004 and August 24, 2004 are dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order dated December 9, 2004 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant the City of New York.

The appeal from the intermediate order dated February 25, 2004 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]). The appeal from the order dated August 24, 2004 is dismissed as that order was vacated by the order dated December 9, 2004.

The plaintiff Concetta Lucchese allegedly was struck by a vehicle driven by the defendant Evan S. Silverman as she stepped from between two parked cars into the traveled portion of the southbound service road of the Clearview Expressway. She alleges that the defendant City of New York was negligent in failing to post signs stating the speed limit on that stretch of the road.

In support of its motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, the City established its prima facie entitlement to judgment as a matter of law. It demonstrated that its signage plan was neither plainly inadequate nor lacking in a reasonable basis and that it had no notice, either constructive or actual, of any dangerous condition on the particular stretch of road prior to the instant accident which would have given rise to a duty to review either that plan

or any other aspect of the design of the roadway in light of actual conditions (*see Friedman v State of New York,* 67 NY2d 271, 285-286 [1986]; *Weiss v Fote,* 7 NY2d 579, 587-588 [1960]; *Buhr v State of New York,* 295 AD2d 462, 463 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact. Crane, J.P., Mastro, Rivera and Spolzino, JJ., concur.