■ WINDSOR COURT ASSOCIATES, LP, Appellant, v VILLAGE OF NEW PALTZ, Respondent. [809 NYS2d 477]—

Crew III, J.P. Appeal from an order of the Supreme Court (McCarthy, J.), entered June 13, 2005 in Ulster County, which, inter alia, granted defendant's cross motion for summary judgment dismissing the complaint.

On two occasions in August and September 2003, a storm sewer owned and maintained by defendant overflowed and flooded the ground-level apartments in a number of buildings owned by plaintiff. As a consequence, plaintiff served a notice of claim and thereafter commenced the instant action alleging negligent construction, design, maintenance and repair of the sewer system by defendant. Following joinder of issue, plaintiff moved to dismiss certain affirmative defenses raised by defendant, and defendant cross-moved for summary judgment dismissing the complaint on the ground that it had not received prior written notice of the alleged defect. Supreme Court granted defendant's cross motion and denied plaintiff's motion as academic, prompting this appeal.

It is axiomatic that prior written notice laws are in derogation of the common law and must be strictly construed (see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]). Such statutes refer to defective, unsafe and dangerous conditions existing in or on a municipality's streets and sidewalks (see Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362, 365-366 [1966]) and do not apply to subsurface structures such as water mains and sewer lines (see McKinnis v City of Schenectady, 234 AD2d 760, 761 [1996]; Barsh v Town of Union, 126 AD2d 311, 313 [1987]). Accordingly, prior written notice was not required here, and plaintiff's complaint was improperly dismissed on that basis.

Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, cross motion denied and matter remitted to the Supreme Court for consideration of plaintiff's motion.