■ ALEXANDRA DAHL et al., Appellants, v STATE OF NEW YORK, Respondent. WILLIAM DAHL et al., Appellants, v STATE OF NEW YORK, Respondent. [846 NYS2d 329]—

In two related claims to recover damages for personal injuries, etc., (1) the claimants in claim No. 1 appeal from a judgment of the Court of Claims (Schweitzer, J.), dated July 27, 2006, which, upon a decision of the same court dated June 30, 2006, made after a nonjury trial on the issue of liability, is in favor of the defendant and against them dismissing the claim, and (2) the claimants in claim No. 2 appeal from a judgment of the same court dated July 27, 2006, which, upon the decision, is in favor of the defendant and against them dismissing the claim.

Ordered that the judgments are affirmed, with one bill of costs.

William Dahl and Alexandra Dahl, an infant by her mother and natural guardian, Sandra Dahl (hereinafter the claimants), allegedly were injured while riding their bicycles on a path adjacent to the Wantagh State Parkway in Wantagh, when a motorcyclist lost control of his vehicle, crossed the eight-to-nine-foot-wide stretch of grass and gravel separating the roadway from the bicycle path, and struck them. The claimants allege that the State of New York was negligent in failing to erect guide rails between the roadway and the bicycle path in the area where the accident occurred.

In order to make out a prima facie case against the State on a theory of negligent planning, the claimants were required to show, inter alia, that the State's failure to install guide rails at the accident location was negligent under the circumstances, and that there was no reasonable basis for the State's inaction (*see Alexander v Eldred,* 63 NY2d 460, 463-464 [1984]; *see also Affleck v Buckley,* 96 NY2d 553, 556 [2001]). We agree with the determination of the Court of Claims that the claimants failed to establish, through proof of prior similar accidents, violations of mandatory safety standards, or any other evidence, that the absence of guide rails in the vicinity of the accident lacked any reasonable basis (*compare Chunhye Kang-Kim v City of New York,* 29 AD3d 57 [2006], *with McDonald v State of New York,* 307 AD2d 687 [2003]).

The claimants' remaining contentions are without merit. Goldstein, J.P., Fisher, Carni and McCarthy, JJ., concur. [*See* 13 Misc 3d 590 (2006).]