Candace Sobotka, Respondent, v Paul Zimmerman et al., Defendants, and Town of Wheatfield et al., Appellants. [851 NYS2d 786]—

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered March 16, 2007 in a personal injury action. The order denied the motion of defendants Town of Wheatfield and Town of Wheatfield Highway Department for summary judgment dismissing the complaint and cross claims against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she fell into an unguarded, uncapped drain pipe on property owned by defendants Paul Zimmerman and Elizabeth Zimmerman. Defendant Town of Wheatfield (Town) maintained a right-of-way over that portion of the Zimmermans' property where the uncapped drain pipe was located, and defendant Town of Wheatfield Highway Department (Highway Department) maintained the drain pipes. Although the Town and the Highway Department conceded that they are responsible for the repair of an uncovered drain pipe, they nevertheless moved for summary judgment dismissing the complaint and all cross claims against them on the ground that they did not have prior written notice of the defective drain pipe. Supreme Court properly denied the motion.

Pursuant to section 92-1 of the Code of the Town of Wheatfield (Town Code), prior written notice of an alleged defect to "any highway, bridge, street, sidewalk, crosswalk or culvert" is required as a condition precedent to the commencement of a civil action. Similarly, Town Law § 65-a (1) and (2) require prior written notice of defects to a highway, bridge, culvert, or sidewalk in order to maintain a civil action for injuries occurring as a result of such a defect. Here, however, the drain pipe does not constitute a street, highway, bridge, culvert, sidewalk or crosswalk, and thus it is not encompassed by either section 92-1 of the Town Code or Town Law § 65-a (1) or (2). "It is axiomatic that prior written notice laws are in derogation of the common law and must be strictly construed" (*Windsor Ct. Assoc., LP v Village of New Paltz*, 27 AD3d 814, 815 [2006]; *see generally Amabile v City of Buffalo*, 93 NY2d 471, 473-474 [1999]). Prior written notice of the defective drain pipe therefore was not required. Present—Martoche, J.P., Centra, Lunn, Green and Gorski, JJ.