■ HERMAN SOTO, Appellant, v CITY OF NEW YORK, Respondent. [883 NYS2d 72]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), entered July 14, 2008, which, upon an order of the same court dated January 28, 2008, denying his motion pursuant to CPLR 4404 to set aside a jury verdict finding that he sustained no damages for future pain and suffering and to award him a sum for future pain and suffering, or, in the alternative, to direct a new trial on the issue of damages for future pain and suffering and granting the cross motion of the defendant pursuant to CPLR 4404 for judgment as a matter of law dismissing the complaint, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff was injured in the early morning hours of February 8, 1997, while driving his vehicle on Highland Boulevard in Highland Park in Brooklyn. The plaintiff testified that he swerved from the southbound lane into the northbound lane to

avoid an oncoming vehicle in his lane. In the process, the plaintiff lost control of his vehicle and collided with a tree located inside the park approximately $4\frac{1}{2}$ feet from the roadway. There were guardrails in the area, but at this particular location there were trees between the roadway and the guardrails, and therefore the guardrails would not prevent a vehicle leaving the roadway from colliding with those trees. After a jury trial, the defendant City of New York and the plaintiff were each found to be 50% at fault in the happening of the accident. The jury did not award the plaintiff damages for future pain and suffering. The plaintiff moved, pursuant to CPLR 4404, to set aside the verdict on that issue and to award him a sum for future pain and suffering or, in the alternative, to direct a new trial on the issue of damages for pain and suffering. The City cross-moved, inter alia, pursuant to CPLR 4404, for judgment as a matter of law dismissing the complaint. The Supreme Court denied the plaintiff's motion and granted the City's cross motion, dismissing the complaint. We affirm.

"For a court to determine that a jury verdict is not supported by legally sufficient evidence, the court must conclude that there is 'no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Downes v City of Mount Vernon*, 60 AD3d 804, 805 [2009], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). A municipality has the nondelegable duty to construct and maintain its highways in a reasonably safe condition (*see Friedman v State of New York*, 67 NY2d 271, 283 [1986]; *Tomassi v Town of Union*, 46 NY2d 91, 97 [1978]). To make out a prima facie case against the City on a theory of negligent planning, the plaintiff was required to show that the City's failure to install guardrails between the roadway and the nearby trees was negligent under the circumstances, and that there was no reasonable basis for the City's failure to do so (*see Dahl v State of New York*, 45 AD3d 803, 805 [2007]). The plaintiff failed to establish, through proof of prior similar accidents, violations of mandatory safety standards, or any other evidence, that the placement of guardrails in this manner lacked any reasonable basis (*see id.*; *Chunhye Kang-Kim v City of New York*, 29 AD3d 57, 60 [2006]). Although the plaintiff's theory was that the extant guardrails, which were installed on the other side of the trees at issue from the roadway, were defectively installed because they did not prevent his car from colliding with a tree, the existence of a barrier located behind the tree line designed to prevent vehicular entry into the park did not, by itself, establish a duty on the part of the City to install guardrails between

the curb and the tree line to prevent cars that left the roadway from colliding with the trees. The existence of trees within approximately 4½ feet of the roadway curb did not give rise to a condition so inherently dangerous as to necessitate the erection of guardrails or the removal of the trees (*cf. Popolizio v County of Schenectady*, 49 AD3d 1117, 1119 [2008]; *Hill v Town of Reading*, 18 AD3d 913, 915-916 [2005]; *Gonzalez v City of New York*, 268 AD2d 214, 215 [2000]). "Where the paved portion of the roadway is adequate, objects such as trees and shrubbery in close proximity do not create an unreasonable danger where travel beyond the paved portion is neither contemplated nor foreseeable" (*Hay v State of New York*, 60 AD3d 1190, 1192 [2009]). "Thus, a municipality's duty to maintain its highways extends to conditions beyond the travel lanes and shoulders only when a prior accident or other event would give notice of a specific dangerous condition" (*id.*). Again, the plaintiff presented no evidence concerning such a prior accident. Accordingly, the Supreme Court properly granted the City's cross motion for judgment as a matter of law dismissing the complaint.

The plaintiff's contention that the jury's determination that he was not entitled to recover damages for future pain and suffering was against the weight of the evidence is academic in light of our determination. Fisher, J.P., Santucci, Dickerson and Hall, JJ., concur.