■ MARK SELCA, Respondent, v CITY OF PEEKSKILL et al., Appellants. [912 NYS2d 287]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), dated August 31, 2009, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is granted.

The plaintiff claims that he sustained injuries when he tripped or slipped and fell while walking on a floating dock owned and operated by the defendants, and that the accident was caused by a design defect. The plaintiff correctly contends that the de-

fendants may not assert, as a defense, the lack of prior written notice of the purportedly defective condition. City of Peekskill Charter § C199 provides, in relevant part, that "[n]o civil action shall be maintained against the city for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk, crosswalk, grating, opening, drain, sewer, public parking area, playgrounds or pathways being defective, out of repair, unsafe, dangerous or obstructed," unless the City received prior written notice of the alleged defective condition. "It is axiomatic that prior written notice laws are in derogation of the common law and must be strictly construed" (*Windsor Ct. Assoc., LP v Village of New Paltz*, 27 AD3d 814, 815 [2006]; *see also Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). The facility where this accident occurred, a floating dock, does not fall within the ambit of the City of Peekskill prior written notice statute (*see Sobotka v Zimmerman*, 48 AD3d 1260, 1261 [2008]; *Smith v Village of Hancock*, 25 AD3d 975, 976-977 [2006]; *see also Staudinger v Village of Granville*, 304 AD2d 929, 929-930 [2003]).

However, the evidence demonstrated that the defendants are entitled to qualified immunity with respect to the plaintiff's causes of action based on the allegedly improper design of the dock. "The doctrine of qualified governmental immunity serves to preclude second-guessing relating to the considered planning decisions of governmental bodies" (*Jackson v New York City Tr. Auth.*, 30 AD3d 289, 290 [2006]; *see Weiss v Fote*, 7 NY2d 579, 584-586 [1960]). A municipality is entitled to qualified immunity where its planning body has " 'entertained and passed on the very same question of risk' that plaintiff would put to a jury, and has adopted a policy with respect thereto that has a 'reasonable basis' in safety and efficiency considerations" (*DeLeon v New York City Tr. Auth.*, 305 AD2d 227, 228 [2003], quoting *Weiss v Fote*, 7 NY2d at 588-589).

Here, the defendants demonstrated, prima facie, that the design of the floating dock was adopted after adequate study and that there was a reasonable basis for that plan, and in opposition, the plaintiff failed to raise a triable issue of fact (*see Affleck v County of Nassau*, 96 NY2d 553, 556 [2001]; *Dahl v State of New York*, 45 AD3d 803, 805 [2007]; *Levi v Kratovac*, 35 AD3d 548, 549-550 [2006]; *Kuchinski v Charge & Ride, Inc.*, 21 AD3d 1062, 1063-1064 [2005]).

The complaint also asserted causes of action based on the alleged negligent maintenance of the dock. The doctrine of qualified immunity is not applicable to those causes of action (*see generally Weiss v Fote*, 7 NY2d 579 [1960]). However, in opposi-

tion to the defendants' prima facie showing of their entitlement to judgment as a matter of law, the plaintiff submitted no evidence as to negligent maintenance. Also, the plaintiff failed to submit such evidence at any other point in this matter, notwithstanding that the plaintiff filed a note of issue at some point prior to November 2008. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.