OPINION OF THE COURT
Kevin J. Kerrigan, J.
It is ordered that the motion is decided as follows:
That branch of the motion by the City for dismissal of the complaint against the New York City Department of Transportation, New York City Department of Environmental Protection and New York City Department of Parks and Recreation is granted, there appearing no opposition to this branch of the motion. Since they are not distinct entities but merely departments, or agencies, of the City they are not cognizable parties.
The remaining branch of the motion by the City for summary judgment dismissing the complaint and all cross claims against it is denied.
Plaintiff allegedly sustained injuries in a single-vehicle automobile accident when defendant Buzzeo lost control of the vehicle he was operating and in which plaintiff was a passenger and went off the roadway and struck a tree on the westbound side of the Belt Parkway between the Springfield Boulevard overpass and the off-ramp to the Farmers Boulevard exit in Queens County on July 17, 2011. Plaintiff alleges that the City was negligent in failing to establish and maintain a reasonably safe “clear zone” on the shoulder of the roadway at the subject location for vehicles driving onto the shoulder, as required pursuant to established guidelines for highway design, by failing to remove the tree that the vehicle struck, in spite of the fact that it had actual knowledge that the tree constituted a hazardous condition, by failing to install guardrails despite having actual notice that vehicles were leaving the road and striking the tree at the subject location, in failing to implement a plan to control the problem of speeding vehicles, to address design defects at that location, which included the absence of a clear zone, and in failing to install warning and speed limit signs and pavement markings.
The City moves for summary judgment upon the grounds that the clear zone recovery concept is not a basis upon which a legal duty of the City may be measured, that even if liability against the City may be premised upon a failure on its part to establish or maintain a safe clear zone, the subject tree was not within the clear zone, and the City did not have actual or *202 constructive notice that the subject tree constituted a hazardous condition.
The documentary and demonstrative evidence on this record, which includes diagrams and photographs, shows that the Belt Parkway westbound at the subject location has three lanes of traffic and a wide grassy median to the right of the right lane populated by trees and light poles at various distances from the roadway, including the subject tree. The beginning of an exit lane marked by a broken line begins several feet before the subject tree but does not expand to form an exit lane until just after the tree. Thus, a vehicle would be past the tree before turning into the exit lane. The accident investigation showed that Buzzeo’s vehicle left the right lane of traffic, mounted the median, traveled across the grass and struck the tree. Moreover, the roadway at and before the subject tree, including where Buzzeo mounted the grassy median, is straight, and there is no evidence or allegation that the vehicle left the roadway as a result of any curvature of the road or other design feature of the road.
This court notes, based upon the evidence on this record and its foregoing observations, that the Belt Parkway at the subject location does not have a shoulder but that the only area to the right of the right lane is the large expanse of grassy median.
Nevertheless, notwithstanding that there was no shoulder at the subject location but only the grassy median, plaintiff’s counsel contends that the standard in New York is that a clear zone be established for a width of 30 feet from the edge of the road, and that the City was negligent in not removing the tree that was measured as being located only 24 feet from the roadway and, therefore, within the clear zone. Counsel contends that the tree should not have been there for Buzzeo to strike when he veered off the road onto the median but that the City should have cut it down so as to have established a safe clear zone for vehicles, such as Buzzeo’s, that might drive onto the median for whatever reason. Counsel contends that the City was negligent in failing to do so in light of its actual knowledge of a prior fatality involving another vehicle that had struck the same tree in 2008 and, therefore, that the City breached its duty to maintain the Belt Parkway in a reasonably safe condition, free of foreseeable hazards by failing to maintain a clear zone.
The City contends that it had no obligation to maintain a clear zone, that even if it did, the tree was not located within a *203 clear zone, and that it did not have actual or constructive notice that the tree posed any unreasonable risk of harm.
It is undisputed that a municipality has a duty to maintain its roads in a reasonably safe condition for motorists who obey the rules of the road and has a duty to guard against contemplated and foreseeable risks (see Tomassi v Town of Union, 46 NY2d 91 [1978]). It is also undisputed that there is no statute, rule or regulation requiring a clear zone but that only guidelines, or standards, for the establishment of clear recovery zones in the design of highways were promulgated by the American Association of State Highway and Transportation Officials (AASHTO). However, contrary to the City’s argument that the AASHTO guidelines for highway construction are mere suggestions which may not be used as evidence of negligence in a case alleging negligent planning or design of a roadway, the authority in both the Second and Third Departments appears to be that noncompliance with such highway construction guidelines may form the basis not for statutory liability, but for liability under principles of common-law negligence. The holding of Cave v Town of Galen (4 Misc 3d 1026[A], 2004 NY Slip Op 51073[U] [Sup Ct, Wayne County 2004]), cited by the City, that the AASHTO “clear recovery zone guidelines . . . [are] aspirational and not alone a basis to define or measure the legal duty of a municipality to the motoring public” (2004 NY Slip Op 51073[U], *11, affd 23 AD3d 1108 [4th Dept 2005]), appears to be restricted to the Fourth Department.
In Preston v State of New York (6 AD3d 835, 835-836 [3d Dept 2004]), cited by the City, the Appellate Division, Third Department, held, inter alia,
“Although claimant presented proof of standards and guidelines for highway design and construction that, if applicable, would have required removal of the offending tree to provide a clear zone along the highway, those standards became accepted or required long after Route 96 was last reconstructed and defendant thereafter undertook no significant repair or reconstruction that would have been subject to them” (citations omitted).
In Fan Guan v State of New York (55 AD3d 782, 784 [2d Dept 2008]), cited by both plaintiff and the City, the Appellate Division, Second Department, stated, citing, inter alia, Preston, “Compliance with design standards adopted after the construction of a highway is not required unless the municipality *204 undertakes significant repair or reconstruction that would provide an opportunity for compliance with the new standards” (emphasis added; internal quotation marks, brackets and citations omitted).
Thus, it does not appear to be the law in the Second or Third Departments that non-statutory highway design guidelines or standards are merely aspirational and not a basis for liability in a case alleging negligent planning or design. However, the Second, Third and Fourth Departments (no case has been cited from the First Department) are in agreement that highway design guidelines for the establishment of clear zones promulgated after the construction of a highway may not form the basis of liability against a municipality unless the municipality subsequently embarks upon a reconstruction or significant repair of the highway so as to present the opportunity to comply with the clear zone standards.
In Guan, the Appellate Division, Second Department, found that “the State adopted a policy which provided for the establishment of 30-foot clear zones for new or major reconstruction of existing parkways and 20-foot clear zones for rehabilitation and minor upgrading” (55 AD3d at 784 [emphasis added]). Moreover, it also held that the State was entitled to qualified immunity in its design and construction of the Northern State Parkway and was not required to comply with updated highway design standards established after the construction of the parkway. The Appellate Division stated, inter alia,
“[C]ompliance with design standards adopted after the construction of a highway is not required unless the municipality undertakes significant repair or reconstruction that would provide an opportunity for compliance with the new standards . . . Additionally, [a]s a general rule the State is not required to undertake expensive reconstruction of highways simply because the design standards for highways have been upgraded since the time of the original construction” (id. at 784 [internal quotation marks and citations omitted]).
The Appellate Division, Third Department, in Preston, as heretofore noted, also held that the clear zone guidelines adopted after the highway was last reconstructed, and absent a subsequent significant repair or reconstruction, would not form the basis of liability against the State.
*205 Likewise, the Appellate Division, Fourth Department, in Cave v Town of Galen, although departing from the opinion of the other Departments in its holding that the municipality was not required to comply with mere highway design guidelines, as opposed to statutes, regarding the establishment of safe zones, nevertheless held, quoting Preston, “In any event, it is well settled that compliance with design standards adopted after the construction of a highway is not required unless the municipality undertakes ‘significant repair or reconstruction’ that would provide an opportunity for compliance with the new standards” (23 AD3d at 1108-1109 [citations omitted]).
The corollary to these holdings, therefore, in the Second and Third Departments, is that a municipality would be required to comply with AASHTO standards and guidelines for the establishment of clear zones if the municipality constructed, reconstructed or performed significant repairs to the highway after the adoption of the guidelines so as to have afforded the municipality the practical opportunity to comply with the guidelines or standards. Therefore, in order to establish that the AASHTO guidelines regarding safe zones of recovery did not apply to the City regarding the Belt Parkway, the City was required to proffer evidence, as the proponent of summary judgment, not only that the Belt Parkway was constructed between 1934 and 1960, while the AASHTO guidelines establishing clear zones were not drafted until 1974, but also that it did not undertake a reconstruction or major repair of the Belt Parkway after the publication of the safe zone recovery guidelines in 1974. It has failed to do so.
The unrebutted affidavit of Sameeh Barkho, Chief of the Design and Construction Unit of the New York City Department of Transportation, is that construction of the Belt Parkway was commenced in 1934 and was completed in 1960, and that the clear zone concept in highway design was not introduced until 1974 (see also Cave v Town of Galen, 4 Misc 3d 1026[A], 2004 NY Slip Op 51073[U] [Sup Ct, Wayne County 2004], affd 23 AD3d 1108 [4th Dept 2005]). However, although the City provided the results of a search for maintenance and repair records, that search only went back to 2005. It submitted no evidence as to whether any reconstruction or major repair of the Belt Parkway was undertaken subsequent to the promulgation of the AASHTO guidelines in 1974. Therefore, the City has failed to proffer evidence that the City was not required to maintain a clear zone along the Belt Parkway at the subject location.
*206 In this regard, contrary to the City’s contention, the City has also failed to establish that the tree that Buzzeo struck was outside the clear zone, even if such a clear zone were applicable to the Belt Parkway at the subject location.
The only evidence proffered by the City concerning the width of the clear zone that would be applicable to the Belt Parkway under the AASHTO guidelines and the distance of the tree in question from the roadway is the affidavit of Barkho. Barkho averred that the width of a clear zone is variable depending on the particular highway, the determination of which depends on a number of factors, including the speed limit of the highway, the slope of the roadway and the volume of traffic on the highway, and concluded, on the basis of these factors, that in the most conservative estimate, the width of the clear zone at the subject location is approximately 22-24 feet, not 30 feet as the City contends. He also emphasized that these figures are not exact but rather are subject to engineering judgment.
Although his averments in this regard are not rebutted, his conclusion that the subject tree was outside the clear zone and therefore did not need to be removed because, according to the measurements provided to him, the tree was 28 feet from the road, is not based upon any admissible objective evidence. Barkho did not perform any measurements of the distance of the tree from the roadway. Instead, he avers that he directed two DOT employees to take measurements and that these individuals told him what the measurements they took were. No affidavits of these individuals are annexed to the moving papers concerning their measurements of the subject accident location. Their measurements are not set forth in any documentary or demonstrative evidence submitted on this motion. Therefore, Barkho’s hearsay statement as to what two other people told him concerning the distance of the tree from the roadway is inadmissible. Consequently, his conclusion that the tree was beyond the clear zone, based upon such inadmissible hearsay, likewise lacks probative value. Additionally, in light of Barkho’s averment that the clear zone measurements are only approximate and subject to engineering judgment, without setting forth what if any engineering judgment was used to define the zone more definitely at the subject location, his categorical conclusion that the subject tree was outside the clear zone because it was 28 feet from the roadway instead of 24 feet amounts to a non sequitur and is of no probative value.
Thus, the City has failed to proffer prima facie evidence that it was not responsible to maintain a clear zone at the accident *207 location or that the tree in question was located outside the clear zone.
Finally, with respect to the issue of actual or constructive notice of a dangerous condition, although there was a one-car fatality at that location involving the same tree in 2008, three years prior to the accident at issue in this case, the City contends that a single prior accident involving the same tree did not impart actual or constructive notice to the City that the presence of the tree constituted a hazardous condition, especially given the high volume of traffic on the Belt Parkway at that location, and cites Fan Guan v State of New York and Soto v City of New York (63 AD3d 1035 [2d Dept 2009]) in support of its argument. These cases, however, do not support the City’s argument in this regard.
The Appellate Division, Second Department, in Guan, held that the State was not required to comply with updated clear zone standards established after the construction of the highway and where no reconstruction or major repair of the highway was subsequently undertaken, and further held,
“Additionally, the State was not on constructive notice of a dangerous condition as the evidence produced at trial indicated that the daily traffic volume at the site of the accident was roughly 65,000 to 70,000 vehicles per day, and there were only 11 collisions with trees within the vicinity of the accident site from the years 1991 to 2000” (55 AD3d at 785).
Since the State was not required to maintain a clear zone at the location of the highway, the travel lane of which was in close proximity to a tree and, therefore, was not required to have cut down the tree to establish a clear zone, the only other basis for liability against it would be under the general rule that a municipality has a duty to maintain its roads in a reasonably safe condition and to guard against contemplated and foreseeable risks, which general rule, this court notes, is based upon the common-law negligence principle of property liability that to impose liability upon the owner of premises, it must be established that a dangerous or defective condition existed and that the owner either created the condition or had actual or constructive notice of it (see King v New York City Tr. Auth., 266 AD2d 354 [2d Dept 1999]; see also Medina v Sears, Roebuck & Co., 41 AD3d 798 [2d Dept 2007]; Richardson v Campanelli, 297 AD2d 794 [2d Dept 2002]). Absent a duty to establish a 30- *208 foot clear zone, as the plaintiff contended was the State’s duty, the State would only have been liable for the plaintiff’s injuries incurred when he crashed into the tree 24 feet from the edge of the roadway if the State had actual or constructive notice of the existence of the tree and that the tree constituted an unreasonably hazardous condition to motorists. It was only in this context that the Appellate Division, Second Department, held that the State did not have constructive notice of a dangerous condition.
The Soto case did not even involve a highway but only a local road, and, thus, there was no issue in that case concerning a clear zone of recovery but only one of whether the municipality breached its general duty to maintain its road in a reasonably safe condition. The Appellate Division, Second Department, held, inter alia,
“Where the paved portion of the roadway is adequate, objects such as trees and shrubbery in close proximity do not create an unreasonable danger where travel beyond the paved portion is neither contemplated nor foreseeable . . . Thus, a municipality’s duty to maintain its highways extends to conditions beyond the travel lanes and shoulders only when a prior accident or other event would give notice of a specific dangerous condition” (63 AD3d at 1037 [emphasis added; citations and internal quotation marks omitted]).
In our case, the City has failed to eliminate all issues of fact as to whether it was required to maintain a clear zone of recovery at the subject accident location and, therefore, whether travel beyond the paved portion of the Belt Parkway was contemplated or foreseeable. The very concept of clear zone recovery is premised upon contemplated or foreseeable travel beyond the roadway and, therefore, were it to be found that the City was required to maintain a clear zone of recovery at the subject location, then the departure of Buzzeo’s vehicle from the right travel lane onto the grassy median within the clear zone would be foreseeable as a matter of law. Moreover, it is also the opinion of this court that the presence of a large tree within a designated clear recovery zone is a dangerous condition as a matter of law and that liability for failing to maintain the clear recovery zone free of such hazard would not be conditional upon the City having actual or constructive notice of the dangerous condition through knowledge of past accidents involving collisions with the same tree.
*209 Finally, and as an aside, this court notes that the moving and opposition papers are premised upon the assumption that the Belt Parkway is a City thoroughfare and that the City was responsible for the construction, and any reconstruction and maintenance of the parkway at the subject location, as opposed to being a New York State parkway designed, constructed and/or maintained by the State and, therefore, whether the establishment of a clear zone as part of the parkway’s construction was even the responsibility of the City at all. However, the question of whether the Belt Parkway is a State roadway designed by the State and, consequently, whether the City is even a proper party respecting a cause of action alleging negligence in the establishment or maintenance of a clear zone on the Belt Parkway has not been raised and is not before this court on this motion.
Accordingly, the motion is denied.