Carlebach v City of New York (2019 NY Slip Op 00202)





Carlebach v City of New York


2019 NY Slip Op 00202


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Friedman, J.P., Gische, Oing, Singh, Moulton, JJ.


8054 153753/14

[*1]Hadassa Carlebach, Plaintiff-Appellant,
v
City of New York, Defendant-Respondent.


Bernstone & Grieco, LLP, New York (Matthew A. Schroeder of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondent.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered July 13, 2017, which granted defendant City of New York's motion for summary judgment, unanimously affirmed, without costs.
Plaintiff alleges that she tripped and fell when, while crossing the street at an intersection, she placed her cane into a small opening within a manhole cover. The City may be held liable for a discretionary traffic planning decision only where either (1) its study of a known hazard was plainly inadequate or (2) where there was no reasonable basis for its plan (see Affleck v Buckley, 96 NY2d 553, 556 [2001]). Here, the City's papers in support of its summary judgment motion demonstrated, prima facie, that it was unaware that the design or placement of the manhole would give rise to any hazard requiring a study (see Turturro v City of New York, 28 NY3d 469, 486 [2016]). The City made a further prima facie showing that it had a reasonable basis both for the design of the manhole cover (which had trapezoid-shaped openings to capture water buildup) and for its placement of the manhole to facilitate drainage at the intersection (see Nowack v New York City Tr. Auth., 40 AD3d 510, 511 [1st Dept 2007], lv denied 14 NY3d 712 [2010]). In opposing the motion, plaintiff failed to present evidence (such as of prior similar accidents or of a violation of any mandatory safety standard) that would raise an issue of fact as to whether the City lacked a reasonable basis for its design or placement of the manhole (see Chunhye Kang-Kim v City of New York, 29 AD3d 57, 60 [2006]).
We note that, to the extent that plaintiff's injuries were caused by a dangerous condition within the purview of Administrative Code of the City of NY § 7-201(c)(2), we find that the City met its initial burden of establishing that it received no prior written notice of the defective condition (see Yarborough v City of New York, 10 NY3d 726, 728 [2018]). The City, which owns the manhole cover, submitted records demonstrating that the manhole at issue was installed in the subject location at least two years prior to plaintiff's accident and there were no repairs or complaints about the condition of the manhole cover, thereby shifting the burden to plaintiff. In opposition, plaintiff has failed to raise an issue as to whether the City caused the condition through affirmative negligence, which "immediately result[ed]" in a defective condition (Brown v City of New York, 150 AD3d 615, 616 [1st Dept 2017], citing Bielecki v City of New York, 14 AD3d 301, 301 [1st Dept 2005]; see also Tomashevskaya v City of New York, 161 AD3d 511 [*2][1st Dept 2008]; cf. Bania v City of New York, 157 AD3d 612, 614 [1st Dept 2018] [accident occurring within 10 days of the City's work found to be "immediate"]).
Accordingly, the City was entitled to summary judgment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK